### 7486

#### MARSHALL, SPRINGS & CO. v. SMITH.

CLAIM AND DELIVERY—CHATTEL MORTGAGES.—Where a mortgagor abandons the farm expressed in the chattel mortgage as the one he will cultivate for the year and on which he would use the advances to be made under the mortgage and removes the mortgaged stock therefrom, the mortgagee is entitled to the possession of the stock under the condition in the mortgage that he shall have the right to take possession if the stock is removed from the place where it now is.

Before WILSON, J., Hampton, fall term, 1909. Reversed.

Action by Marshall, Springs & Co. against E. G. Smith. From judgment for defendant, plaintiff appeals.

*Messrs. W. B. deLoach* and *W. D. Connor,* for appellant. *Mr. deLoach,* cites: *Court should construe written instruments:* 74 S. C., 319; 81 S. C., 229. *Part performance by one party binds the other:* 80 S. C., 574. *After condition broken legal title to chattels vests in mortgagee.*

*Messrs. W. S. Smith, W. S. Tillinghast* and *W. H. Townsend,* contra. *Messrs. Smith* and *Townsend,* cite: *Mortgagee may attack mortgage for fraud:* 38 S. C., 199.

30 Mo. App., 32; 18 Ency. P. & P., 550. *Judge not required to charge request not submitted in writing:* 78 S. C., 401; 79 S. C., 131. *Whether there was any evidence to sustain the verdict cannot be considered now:* 83 S. C., 203, 276, 277.

March 11, 1900. The opinion of the Court was delivered by       .

MR. CHIEF JUSTICE JONES. This is an action in claim and delivery of two mules, and resulted in a verdict and judgment for defendant for the return of the mules and two hundred and twenty-five dollars damages.

The plaintiffs present a number of exceptions, but we will confine attention to the questions which must control the appeal.

The undisputed facts are that in 1906, plaintiffs made advances to defendant which were secured by a mortgage of the two mules in question; that there was a balance due on this debt, testified by palintiffs to be $250.00, admitted by defendant in his testimony to be $145.00, and alleged in his answer to be over $200.00; that on January 21, 1907, defendant executed to plaintiffs another mortgage on said mules for $423.80. Plaintiffs testified that this was to cover the back indebtedness, and to secure advances in cash, fifty dollars, and in fertilizers $102.00. It is not disputed that defendant received the fifty dollars advances on the execution of the papers. Defendant claims that he did not receive any fertilizers, but there was no evidence that he ever applied to plaintiffs for fertilizers. According to the contract the advances in money, or supplies, or guano, were to be expended in cultivation of the soil upon a certain place in Hampton county known as A. S. Jones place. It is not disputed that before the middle of February, 1907, defendant moved off the A. S. Jones place and carried the mules with him. The contract stipulated: "And it is provided that the said party of the second part may retain

possession of the said property until default be made in the payment of said advances, but if the full amount of same is not paid when due or on demand, or if prior thereto the said party of the second part shall break any covenant herein contained, or shall attempt to make way with, or remove said property, or any part thereof from the place where it now is, then, and in either event the said parties of the first part, or their agents, or attorneys, shall have the right without suit or process to take possession of said property wherever found, etc." When plaintiff discovered that defendant had moved from the Jones place and carried the mules with him, he demanded possession of the mules, or payment, and upon defendant's refusal, this action was commenced on February 18, 1907, to obtain possession. There was not a particle of evidence that plaintiffs breached their contract, and there was conclusive evidence that defendant breached the contract by abandoning the farm and removing the property from the place where he stipulated to keep it, which breach, by the terms of the contract, gave plaintiffs right to the possession of the mules under the mortgage.

There being no evidence upon which the verdict for defendant could be rested, it was error not to grant a new trial. We think also there was error in the charge: "If they (plaintiffs) complied with their part of the agreement and it was broken on the part of Smith, it is a matter for you to determine, under this paper, whether they had the right to take the property mortgaged, if the property was removed or made way with in any way." The jury should have been instructed that under the terms of the contract, if defendant removed the property from the place where he agreed to conduct a farm and keep them, the plaintiff had the right to take possession.

The judgment of the Circuit Court is reversed, and the case remanded for a new trial.