8190

FULLER v. McLEOD.

1. CHATTEL MORTGAGES.—The condition in a chattel mortgage "that if the said mortgagor shall attempt to make way with or remove said goods and chattels or any part thereof from the place they now are" cannot be construed literally, but must be construed to mean such removal as could fairly be regarded as an impairment of his security. Simply driving a pair of mules from the county in which they were being used into another county on business does not breach such condition.

2. NEW TRIAL will not be adjudged for error of trial Judge in instruction as to breach of condition in chattel mortgage where there is no evidence to show the alleged breach was such in fact.

3. CHATTEL MORTGAGES—DAMAGES.—Expenses of mortgagor while waiting at the point where the mortgaged chattels were seized under claim and delivery during the preliminaries of giving a replevin bond and his traveling expenses in the effort to procure sureties are special damages and should not be recovered unless alleged. Feed for chattels after seizure and before replevin is actual damages and may be recovered under general allegations of actual damages.

Before DeVore, J., Sumter, March, 1911. Affirmed, *nisi*.

Action by H. B. Tuller against C. L. McLeod. Plaintiff appeals.

*Mr. L. D. Jennings,* for appellant, cites: *As to construction of conditions:* 89 S. C. 81; 7 Cyc. 10-1; 85 S. C. 196. *Attorney's fees, loss of time, expenses, etc., should not be considered in awarding actual damages:* 39 S. C. 465; 31

S. C. 49; 12 Rich. 292; 3 Strob. 373; 40 S. C. 528; 51 S.
C. 484; 65 S. C. 506.

*Messrs. Lee & Moise,* contra, cite: *As to construction of
condition as to removal:* 4 Cyc. 437; 43 S. C. 203; 74 S.
C. 453.  *Answer sets out special damages:* 65 S. C. 506;
31 S. C. 52.  *Nominal damages may be recovered without
proof of actual:* 34 Cyc. 1560.

April 23, 1912.  The opinion of the Court was deliv-
ered by

MR. JUSTICE WOODS.  The defendant, on March 29,
1910, purchased from the plaintiff two mules, and for
$360.18 of the purchase money gave him a note secured by
a mortgage of the mules.  The mortgage contained the
following stipulation: "And provided further, that said
mortgagor shall retain possession of said goods and chattels
until default be made in the payment of said note, but if
the same is not paid when due, or if before the said note is
due, the said mortgagor shall attempt to make way with or
remove said goods and chattels, or any part thereof, from
the place where they now are, then, and in either event, the
said mortgagee, or his agent, shall have the right, without
suit or process, to take possession of said goods and chat-
tels, wherever they may be found and may sell the same
or as much as may be necessary, at public auction for cash,
after giving notice by advertisement ten days, and shall
apply the proceeds of said sale to the discharge of said
debt, interest and expenses, and pay any surplus to said
mortgagor and his assigns."

Both the plaintiff and the defendant were residents of
the town of Bennettsville.  Plaintiff's place of business was
in that town, but the defendant was engaged in the logging
business in different parts of the State.  In April, 1910,
the defendant, having occasion to go to Sumter to attend

the trial of a cause in which he was interested as a party,
drove the mules to that place.    Thereupon Hardinson, an
agent of the plaintiff, went to Sumter, and made a demand
for the possession of the mules on the ground that the
defendant had breached the condition of the mortgage
against removal of the mules by driving them out of Marl-
boro county.    Upon refusal of the demand, the plaintiff
brought this action in claim and delivery.    The mules were
seized by the sheriff on Monday, and the defendant on the
following Wednesday gave the necessary undertaking and
regained possession.    In his answer the defendant denied
that the condition of the mortgage had been broken, and
set up a counterclaim alleging that the plaintiff had wil-
fully, wantonly and maliciously brought the action and had
taken the mules from him in violation of his rights.    On
the trial the verdict was in favor of the defendant for the
possession of the mules, and for twenty-five dollars actual
damages, and one hundred and fifty dollars punitive dam-
ages.

. The presiding Judge instructed the jury that the condi-
tion against removal contained in the mortgage would not
be broken by any removal of the property from one place
to another unless the removal by the mortgagor was
"with the view of taking it out of the reach of the
party to whom he mortgaged to keep him from get-
ting it."    This, we think, was error.    The condition of
the mortgage, "that if before the said note is due the said
mortgagor shall attempt to make way with or remove said
goods and chattels or any part thereof from the place where
they now are," cannot be construed literally, for such con-
struction would have forbidden the removal of the mules
from the stable where they then were, or driving them from
place to place in the ordinary use for which they were
purchased.    The reasonable construction is that the provi-
sion was intended to protect the mortgagee against any
removal of the mules which he could fairly regard an

impairment of his security. This was the construction of a like provision on which the case of *Marshall Springs & Co. v. Smith,* 85 S. C. 196, 67 S. E. 129, was decided. There the mortgagee obtained on the mortgage supplies to be used in the cultivation of a tract of land known as the Jones place. The mortgagor thereafter moved away from the Jones place, taking the mules with him. This was a removal which the mortgagee had a right to regard an impairment of his security, since it was accompanied by a complete change in the mortgagor's business.

But we do not think there should be a new trial for this error of the Circuit Judge, because there is not the slightest evidence that the defendant did anything more than use the mules in the ordinary course of his business, or that the plaintiff had any reason to suppose that driving the mules to Sumter on an ordinary business trip would have any effect on his security. This being so, the Court will not order a new trial. "This Court should not order a new trial where from an examination of the record it has no doubt the verdict of any fair jury would have been the same, even if no error had been committed.' In such a case the errors should be regarded not prejudicial." *Edgefield Manufacturing Co.* v. *Maryland Casualty Co.,* 78 S. C. 73, 58 S. E. 969.

The trial Court was also in error in allowing the defendant to prove as actual damages his personal expenses at Sumter, and his traveling expenses incurred in the effort to procure sureties on his undertaking. These were special damages not alleged in the complaint, and were, therefore, not recoverable. *Sonneborn* v. *Southern Ry. Co.,* 65 S. C. 502, 44 S. E. 77. The only admissible item of actual damages proved was $6.75, paid by defendant for feed of the mules after they were seized. For this error there must be a new trial unless the defendant will remit all the actual damages included in the judgment except $6.75.

The judgment of this Court is that the judgment of the Circuit Court be affirmed on condition that the defendant shall remit thereon, in writing, within thirty days, after the filing of the remittitur $18.75 of the actual damages recovered, and that if he shall fail to do so that the cause be remanded for a new trial.

*Only* MESSRS. CHIEF JUSTICE GARY *and* JUSTICE HYDRICK *participate in this opinion and concur.*