## 9850

### BANK OF NORRIS v. PATES & ALLEN CO.

#### (94 S. E. 881.)

1. EXECUTORS AND ADMINISTRATORS—SALE OF PROPERTY—EFFECT OF FILING CLAIM—ESTOPPEL.—Where a mortgagor sold a mortgaged mule, the mortgagee, by filing a claim against the mortgagor's estate, was not estopped to proceed against the purchaser of the mule for a balance remaining.

2. CHATTEL MORTGAGES—PURCHASE OF MORTGAGED PROPERTY—CONVERSION.—One buying a mortgaged mule and selling it is liable for conversion.

3. CHATTEL MORTGAGES—SALES OF PROPERTY—REMEDIES OF MORTGAGEE.—A mortgagee of a mule, on sale of the mule by mortgagor and a sale by the purchaser, can either sue the purchaser for conversion or proceed to recover its possession.

Before MOORE, J., Pickens, October, 1916.    Affirmed.

Action by the Bank of Norris against the Pates & Allen Co. for the conversion of a mortgaged mule.

*Mr. J. J. McSwain,* for appellant, cites: 91 S. C. 1215; 51 S. C. 42; 48 S. C. 405; 7 Cyc. 47; Jones on Chattel Mortgages 423; 14 S. C. 162; 1 Hill 291; 109 Am. State Reports 439-441; Jones on Chattel Mortgages, secs. 457 and 661; 42 N. Y. 322; 11 N. Y. 50; 107 N. Y. 202; 22 N. Y. 228; 5 A. & E. Ency. 905-6; 2 Cooley on Torts 864-5; 28 A. & E. Encyc. 607-8; 28 A. & E. Encyc. 662; 15 S. C. 553; Cooley on Torts 443; vol. V, R. C. L. 444-5; 36 N. W. 477; Cobbey on Chattel Mortgages, vol. II, 846; 7 Cyc. 50; 4 N. Y. 303; 100 N. Y. 250; 6 S. E. 571; Jones on Chattel Mortgages 432; Ann. Cas. 1413d, 583-586; 114 N. Y. 566; 21 N. E. 1046; 11 Am. St. Rep. 691; 5 L. R. A. 132; 92 S. C. 122; 15 S. C. 91; 109 Am. St. Rep. 440; 51 S. C. 42; 45 Am. St. Rep. 275; 85 S. C. 346; 109 Am. St. Rep. 438; Jones on Chattel Mortgages, sec. 457; 7 Cyc. 47-8-9-50; 78 N. W. 86; 71 N. W. 130; 94 N. W. 130; 94 N. W. 825; 29 A. & E. Encyc. 1104; 15 Cyc. 260; 60 S. C. 112-13 and 14; 42 S. C. 126; 70 S. C. 489; 26 S. C. 110.

*Messrs. Shelor & Hughs,* for respondent, cite: 7 Cyc. 10 and 11, and note; 91 S. C. 330-1; 85 S. C. 196; 107 S. C. 548; 91 S. C. 121; 2 Strob. Eq. 370; 100 S. C. 371-2-3-4; 77 S. C. 426.

January 7, 1918.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action for damages alleged to have been sustained through the wrongful acts of the defendant in selling a mule over which the plaintiff held a mortgage, and covering the proceeds to their own use.

The complaint alleges that H. B. Bowen, now deceased, executed his promissory note on the 9th of August, 1913, whereby he promised to pay to the Bank of Norris (the plaintiff herein) $460, on the 1st day of November thereafter; that the said Bowen executed a mortgage on certain personal property, including said mule, on the 11th day of August, 1913, to secure the payment of said note, which mortgage contains the following provision:

"That the said mortgagor may retain possession of said goods and chattels until default be made in the payment of said note; but if the same is not paid when due, or if before said note is due the said mortgagor shall attempt to make way with or remove said goods and chattels or any part thereof from the place where they now are, then, and in either event, the said mortgagee or agent shall have the right without suit or process, to take possession of said goods * * * * and may sell the same. * * *"

The defendants denied the alleged wrongful acts, and interposed the following as a defense:

"Defendant is now informed and believes that plaintiff, by reason of intimate relations with the said H. B. Bowen, knew or had notice of the fact that the said H. B. Bowen had disposed of the mule now claimed by plaintiff, but plaintiff failed to follow said mule and take possession thereof,

and failed to require the said H. B. Bowen to account for same, or the value thereof in his lifetime, and prosecuted its claim against the estate of the said H. B. Bowen in a proceeding to which defendant was a party, and failed to demand any accounting in said proceeding for said mule, and by reason of its conduct in the lifetime of H. B. Bowen, and by reason of said proceeding to marshal the estate of H. B. Bowen, plaintiff is now estopped to assert any claim to said mule, and has elected its remedy, and is barred by the judgment and final decree in said proceeding, reference to same being craved."

At the close of the testimony, the defendants' attorney made a motion for a directed verdict on the following grounds:

"It appears that there was an action in Pickens county to marshal the assets of H. B. Bowen, and that the plaintiff and defendant here are parties to that action, and that all matters between them, growing out of claims against the estate of H. B. Bowen, were then and there litigated, and such litigation cannot now be renewed."

The motion was refused. The jury rendered a verdict in favor of the plaintiff for $151.25. Thereafter, the defendants made a motion for a new trial, which was was refused.

The first question that will be considered is whether there was error on the part of his Honor, the Circuit Judge, in refusing to direct a verdict in favor of the defendants.

The fact that the plaintiff filed its claim against the estate of H. B. Bowen, deceased, and received its *pro rata* of the assets of his estate, was not misleading in its nature, nor prejudicial to the rights of the defendants. On the contrary, the amount received had the effect of a partial payment of the plaintiff's claim against the defendants. The doctrine of estoppel, therefore, has no application. *Grafton v. Patrick,* 77 S. C. 426, 58 S. E. 1, 122 Am. St. Rep. 586.

The next question is whether the acts of the defendants in regard to the purchase and sale of the mule constituted a conversion. The provision in the mortgage hereinbefore set forth vested the right of possession in the mortgagee, when the mortgagor removed the mule and sold it to the defendants. The purchase of the mule by them, and the sale thereof, tended to impair the plaintiff's security, and thereby constituted a conversion, for which they were liable in damages. *Marshall Springs & Co. v. Smith,* 85 S. C. 196, 67 S. E. 129; *Fuller v. McLeod,* 91 S. C. 328, 74 S. E. 647; *Seignious v. Limehouse,* 107 S. C. 548, 93 S. E. 193.

The plaintiff had the right to bring an action for damages arising out of the conversion of the mule, or to institute proceedings to recover its possession. *Bingham v. Harby,* 91 S. C. 121, 74 S. E. 369, reported with annotations in Ann. Cas. 1916a, 862; *Brown v. Rankin,* 100 S. C. 371, 84 S. E. 1001.

These conclusions dispose practically of all questions in the case.

Judgment affirmed.