10877

GIBBES MACHINERY CO. v. NIAGARA FIRE INS. CO.

(111 S. E. 805)

Insurance—Insurer Paying Insurance to Mortgagor With Knowledge of Mortgage, Though Not of its Provisions for Insurance for Mortgagee, Liable to Mortgagee.—Where mortgagor of auto took out fire policy thereon, payable to himself, reciting it was mortgaged to a certain company for a certain amount, and such mortgage was recorded, and contained agreement of mortgagor to insure and assign policy to mortgagee, the insurer, paying the policy to the mortgagor, after inquiring of the mortgagor as to the status of the mortgage, and being put on inquiry as to provision of mortgage as to insurance, though having no actual knowledge thereof, is liable to the mortgagee for the policy's proceeds.

Before WHALEY, J., Richland County Court, March, 1921. Reversed.

Action by Gibbes Machinery Co. against Niagara Fire Insurance Co. From order refusing to sustain a demurrer to the complaint, and from an order granting a new

Note: On right of mortgagee to benefit of insurance taken in name of mortgagor, see note in 25 L. R. A. 305.

1 S. C.—119

trial after a directed verdict for plaintiff, both parties appeal.

*Messrs. Hunter A. Gibbes* and *Graydon & Graydon,* for Gibbes Machinery Co., cite: *Mortgagee's interest in proceeds of insurance on mortgaged property*: 101 U. S. 439; 14 R. C. L. 1367; 23 R. C. L. 211; 52 S. C. 315 and cases cited. *Effect of notice from record*: 72 S. C. 404; 43 S. C. 72; 6 Cyc. 1064; 89 S. C. 454; 14 S. C. 37; 35 S. C. 187; 70 S. C. 487; 18 How. 143. *Adjustment with mortgagor not binding on mortgagee*: 124 Mass. 126; 134 N. Y. 409. *Chattel mortgagee is owner of chattels after condition broken*: 44 S. C. 315; 46 S. C. 199; Bail Eq. 412; 108 S. C. 131; 85 S. C. 348; 105 S. C. 140; 1 Hill L. 291. *Judge has no power to grant non-suit in equity case*: 12 S. C. 97; 47 S. C. 307.

*Messrs. Melton & Belser,* for respondent, cite: *Equitable lien affects only those having notice of such lien*: Joyce, Ins., Sec. 3523; 52 S. C. 309; 56 S. C. 355. *Record of mortgage no notice to Insurers*: Pom. Eq. Jur., Sec. 657. *Record only of papers required to be recorded is notice*: Pom. Eq. Jur., Sec. 651; 14 S. C. 66; 10 Rich. Eq. 149; 1 Story. Eq. Jur., Sec. 404; 39 S. C. 72; 23 R. C. L., 219; 42 L. R. A. (N. S.), 157. *Mortgage clause should be attached to policy*: Joyce Sec. 1045-2304; 25 L. R. A. 679. *Assignment not required to be recorded, and is no notice*: 97 S. C. 291. *Actual notice necessary*: 28 S. C. 211; 51 S. C. 462. *Mortgagor has insurable interest in chattels even after condition broken*: 23 S. C. 198; 26 S. C. 494.

April 25, 1922.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The appellant sold an automobile to one H. L. Gregory, and took a mortgage on the machine for a part of the purchase money. The mortgage contained an agreement

by the mortgagor that he would insure the machine and assign the policy of insurance to the appellant. This mortgage was duly recorded. The policy of insurance noted the fact that the machine was mortgaged to the appellant, but did not make the loss payable to the appellant. The machine was burned, and the adjuster applied to the appellant for information as to the status of the mortgage debt. The company paid the policy to the mortgagor and this suit is brought by the appellant for the proceeds of the policy. The appellant demurred to the complaint. The demurrer was overruled. The defendant moved for a nonsuit. This also was overruled. The plaintiff moved for a direction of a verdict. This was granted. The trial Judge ordered a new trial on the ground that he had made a mistake of law in directing a verdict.

There is evidence that the adjuster knew of the existence of the mortgage itself, and went to the mortgagee to get information in regard to the mortgage, and got it. Even if the company was not required to make inquiry, it did inquire. The bare fact that they came to inquire threw the mortgagee off his guard. Why should the company inquire if it was not for the purpose of complying with the terms of the mortgage? When the company had notice of the mortgage itself, they were chargeable with notice of all the facts that a reasonable inquiry would have revealed. A simple question, "Have you any interest in this insurance policy?" was all that was required. The provision that the mortgaged property should be insured for the benefit of the mortgagee is a very common practice, and the provision to be expected.

In *Gandy v. Insurance Co.*, 52 S. C. 231, 29 S. E. 657 we find:

"Now, it is clear the third proposition is not sound, for it required the agent to have actual knowledge of the actual existence of the other policy; whereas, if the agent had only such information which, if pursued, would have

led to actual knowledge of the existence of the other policy that would have been sufficient notice of the other policy."

Here there was actual notice of the mortgage and an inquiry, the only apparent purpose of which was to comply with the terms of the mortgage. The authority above cited is full to the point.

The complaint stated the above facts, and was not demurrable. It was tried as an equity case would have been tried by the Court on a direction of a verdict. The evidence complained of was not prejudicial, in that it did not affect the real issue.

The order granting a new trial is reversed.

MR. CHIEF JUSTICE GARY and MR. JUSTICE WATTS concur.

MR. JUSTICE COTHRAN (dissenting): Action by the mortgagee of an automobile, partly destroyed by fire, to require an insurance company, which insured car at the instance of the mortgagor, and paid the loss to him, to account to the mortgagee for the amount so paid. The facts appear to be as follows:

On February 11, 1920, the plaintiff sold to one H. L. Gregory an automobile, taking from him a mortgage to secure the unpaid portion of the purchase price. The mortgage was recorded on February 12th. By the terms of the sale and stipulation in the mortgage Gregory was required and agreed to insure the car for the protection of the mortgagee. He had the car insured, but did not have attached to the policy a clause providing that the loss, if any, should be payable to the mortgagee, as he was obligated to do. At the time of the issuance of the policy, the insurance company had knowledge of the fact that it was under mortgage to the plaintiff. The policy, dated February 16th, contains a notation, "Mortgage to Gibbes Machinery Company, Columbia, S. C., $1,300.-00," and the agent's report to the company of the policy has the same notation. On April 27th the car was dam-

aged by fire. On May 18th proofs of loss were made up by Gregory and the insurance adjuster. They fixed the loss at $2,000. The proofs of loss showed that at the time of the loss the plaintiff had a mortgage on the car; also that, in consideration of the payment of the loss to Gregory, he assigned his interest in the car to the insurance company. On June 27th the insurance company paid the loss, $2,000, to Gregory, took possession of the car, and sold it without the knowledge or consent of the plaintiff. On the day the proofs of loss were made out the insurance adjuster called at the plaintiff's place of business, and got information as to the purchase of the car, and the mortgage on it and was told by the plaintiff the purchase price of the car and the amount unpaid on the mortgage. He testified that:

"There was no loss payable clause in the policy and under the circumstances he felt bound to pay the money to the assured H. L. Gregory, which he recommended should be done and which was done shortly after the loss."

Both insurance agent and adjuster testified that they knew nothing of the particular terms of the mortgage or of any agreement between Gregory and the plaintiff. The testimony for the plaintiff tended to show that at the time of the sale of the car Gregory agreed to insure the car for its benefit, and a stipulation to that effect was also contained in the mortgage. There was no testimony tending to show that the insurance company had any knowledge of this agreement prior to its payment of the loss to Gregory except what might be implied from the record of the mortgage. The entire purchase price matured before the proofs of loss were made out.

The complaint contains two alleged causes of action: The first is based upon the theory that the insurance company, before it paid the loss to Gregory, had notice of the agreement by Gregory to insure the car for the protection of the plaintiff, and relief is accordingly sought

by the establishment of an equitable lien upon the proceeds of the insurance. This is an equitable cause of action. In *Swearingen v. Insurance Co.,* 56 S. C. 355, 34 S. E. 449, the Court declared:

"This is an action by a mortgagee against an insurer and the mortgagor, to inforce an alleged equitable lien upon the proceeds of an insurance policy on the mortgaged premises taken out by the mortgagor in her own name. * * * The right asserted by plaintiff was a mere equity, and the issues should have been tried by the Judge as chancellor."

The second alleged cause of action is based upon the conduct of the insurance company, after payment of the loss to Gregory, in taking possession of the damaged car, and converting it to its own use, to the damage of the plaintiff $300, and punitive damages $1,000. This is a legal cause of action.

The case was called for trial before the County Judge and a jury. The defendant demurred to the first cause of action upon the general ground and upon the ground of a misjoinder of the parties defendant, and to the second cause of action upon the latter of the above grounds. The demurrers may be disposed of by the remark that the first ground to the first cause of action is without specification; that it should not have been sustained in any event for the reason that the alleged agreement by Gregory to insure the car for the benefit of the plaintiff constituted an equitable lien upon the proceeds of the insurance, which the company, upon receiving notice thereof before payment to Gregory, was obliged to respect (*Swearingen v, Insurance Co.,* 52 S. C. 309, 29 S. E. 722), and that the second ground of demurrer to the first cause of action and the ground of demurrer to the second could not have been sustained, for the reason that misjoinder of causes of action, and not misjoinder of parties, is a ground of demurrer (*Lowery v. Jackson,* 27 S. C. 318, 3 S. E. 473). This disposes of the defendant's exceptions 1 and 2.

At the conclusion of the plaintiff's testimony the defendant moved for a nonsuit as to the first cause of action upon various grounds which need not be stated. This motion was refused.

At the close of the testimony the presiding Judge upon motion directed a verdict in favor of the plaintiff for the full amount due upon the mortgage.

Thereafter, upon motion of defendant, a new trial was ordered for the reasons stated by the presiding Judge in his order which will be reported. From this order the plaintiff has appealed; the defendant also has appealed from the order refusing the demurrers and nonsuit, and has given notice of additional grounds to sustain the order granting a new trial.

The plaintiff's exceptions present the following propositions:

(1) That the record of the mortgage which contained the undertaking of Gregory to insure the car for the benefit of the plaintiff was constructive notice to the insurance company of said undertaking, the company having actual knowledge of the existence of the mortgage.

(2) That the actual knowledge on the part of the insurance company of the mortgage and of the fact that it was past due fixed liability upon the insurance company.

(3) That the passing of the legal title to the car upon condition broken vested the plaintiff with a legal as well as an equitable lien upon the insurance money.

(4) That the passing of the legal title to the car upon condition broken vested the plaintiff with the legal title to the insurance money.

(5) That the conduct of the insurance company in taking an assignment and the possession of the car after the fire and selling the same made it responsible to the plaintiff for the entire mortgage debt.

(6) That the provisions of the policy requiring the insured to furnish a statement of the interests of all con-

cerned in the car, and that all acts of the insured and of the company should be for the benefit of all concerned, imposed upon the company the duty of protecting the interests of the plaintiff of whose mortgage it had notice.

As to the first proposition: The recording acts are designed to protect those who have acquired or are about to acquire rights of property in or liens upon particular property in question, subsequent creditors or purchasers without actual notice of the superior claims. They alone are intended to be affected by the acts; they alone are required to search the records; to them alone are the recording acts applicable and to them only are the records constructive notice.  So far as the contract of insurance proper is concerned, an insurance company sustains neither the relation of subsequent creditor nor purchaser to the owner, and is not obligated to search the records for a possible agreement between the mortgagor and the mortgagee in reference to a stipulation in the policy that upon payment of a loss the property shall be assigned to the insurance company, it, of course, can enjoy this right subject to the claims of prior recorded liens.  The presiding Judge was right in holding, in his order granting a new trial, that the record of the mortgage was not constructive notice to the insurance company of the agreement between Gregory and the plaintiff that the car should be insured for its protection.  See authorities cited by him.

As to the second proposition:  There can be no doubt from the written stipulation of Gregory in the mortgage to insure the property for the protection of the plaintiff that the plaintiff had an equitable lien upon the proceeds of insurance; but the availability of that lien depended upon notice to the insurance company of the existence of the agreement; it did not depend, as this proposition states, upon knowledge on the part of the insurance company of the existence and over-maturity of the mortgage. As is said in *Swearingen v. Insurance Co.,* 56 S. C. 355, 34 S. E. 449:

"'The equitable lien of a mortgagee on the proceeds of an insurance policy to the mortgagor, under an agreement to insure for the mortgagee's benefit, extends only to those having notice of such lien."

—referring, of course, to the equitable lien.

As to the third proposition:   This cannot be true for the reasons stated in Joyce on Ins. § 23:

"It is well settled that insurance is a personal contract whatever the subject-matter of the insurance may be.   It is a contract by which the insurer undertakes to indemnify or pay money to the insurer in the manner and subject to the conditions agreed upon.   This obligation does not run with the property whether it be real estate or personalty, neither does it pass with the title unless assigned with the consent of the insurer."

See *Annely v. De Saussure,* 26 S. C. 497, 2 S. E. 490, 4 Am. St. Rep. 725.

As to the fourth proposition: This is denied upon the same ground.

As to the fifth proposition: The only effect such conduct could have had was to make the insurance company liable for the value of the damaged car.   *Bank v. Pates & Allen,* 108 S. C. 361, 94 S. E. 881.   If the property has been recovered by the plaintiff this statement is subject to modification.

As to the sixth proposition: The clause of the policy invoked requires the insured to render a statement of the interest of the assured and of all others in the property, not in the insurance.   It does not appear that this was not done, or that the interests of the plaintiff as mortgagee were not properly presented to the insurance company; in fact the contrary appears.   The liability of the insurance company depends upon its notice of the equitable lien on the insurance money, not upon its knowledge of any interest the mortgagee may have had in the property.

The defendant's exceptions 4, 5, 6, 7, 8, and 9 involve the refusal of the defendant's motion for a nonsuit, and must be overruled for the reason that the motion was directed alone to the first cause of action which was equitable, and in such case the remedy is by motion to dismiss, and not for nonsuit. *Railway Co. v. Beaudrot,* 63 S. C. 266, 41 S. E. 299, and cases therein cited.

The judgment of this Court should be that the order appealed from be affirmed.