**UNITED STATES v. HALL et al.**
Civ. No. 492.

United States District Court
W. D. Wisconsin.
July 21, 1953.

Frank L. Nikolay, U. S. Atty., Madison, Wis., for plaintiff.

Crawford, Crawford & Cirilli, R. A. Crawford, Superior, Wis., for defendant Wisconsin Tel. Co.

John C. Fritschler, Superior, Wis., for defendant Norman C. Hall.

STONE, District Judge.

The plaintiff has moved for summary judgment against the defendant, Wisconsin Telephone Company, for the sum of $650, plus interest, which represents the benefit payments the Railroad Retirement Board paid to Norman C. Hall, who was injured by the alleged negligence of the defendant. The action was dismissed against the defendant, Norman C. Hall. The Railroad Retirement Board is an independent agency in the Executive Branch of the Government of the United States, and will be hereinafter referred to as the Board.

The allegations in the amended complaint are admitted by the defendant's answer, and read as follows:

"The Railroad Retirement Board is an independent agency in the Executive Branch of the government of the United States, established under the Railroad Retirement Acts, as amended.

"This Court has jurisdiction by reason of 28 U.S.C. 1345.

"The defendant, Norman C. Hall, is a resident of 1212 North 57th Avenue West, Duluth, Minnesota, whose occupation is unknown.

"That the Wisconsin Telephone Company is a corporation duly organized and existing under the laws of the State of Wisconsin and is engaged in the business of furnishing telephone service and was such a corporation and so engaged on August 17, 1948 and at all times subsequent thereto.

"Plaintiff claims of the defendants the sum of $650.00 plus interest at the rate of 5% from August 27, 1948, and costs, said principal sum representing the payment by the Railroad Retirement Board during the period from August 17, 1948 through February 28, 1949, inclusive for sickness benefits to defendant Norman C. Hall under the Railroad Unemployment Insurance Act, as amended.

"Plaintiff avers that on August 17, 1948 defendant Norman C. Hall was injured and that on June 23, 1949 judgment in favor of Norman C. Hall in the sum of $5,000.00 was made against the defendant, Wisconsin Telephone Company, for per-

sonal injuries sustained in the accident of August 17, 1948, claimed to have resulted from negligence of defendant Wisconsin Telephone Company, which $5,000.00 was subsequently paid to defendant Norman C. Hall by the Clerk of Court, Superior, Douglas County, Wisconsin.

"Plaintiff further avers that on August 27, 1948 the Railroad Retirement Board duly notified by letter the defendant, Wisconsin Telephone Company, a corporation, of the right of the Railroad Retirement Board under Section 12(o) of the Railroad Unemployment Insurance Act, as amended, 45 U.S.C. 1946 Ed. § 362(o), for the sickness benefits paid to and to be paid to defendant Norman C. Hall out of any sums or damages payable to said Norman C. Hall by defendant Wisconsin Telephone Company for injuries sustained by the said Norman C. Hall in the accident occurring August 17, 1948.

"That on May 25, 1949, Mr. R. A. Crawford, an attorney at law in Superior, Wisconsin and counsel for the defendant, Wisconsin Telephone Company, informed the Regional Adjudicator, Railroad Retirement Board, 123 East Grant Street, Minneapolis 3, Minnesota, to put the claim of the Railroad Retirement Board in letter form and advise as to whom the check should be made payable, and that the said Railroad Retirement Board on May 26, 1949, forwarded such a reply to the said R. A. Crawford, stating the amount due to be $650.00 and that payment should be made to the Treasurer of the United States.

"Plaintiff further avers that neither defendant Norman C. Hall or defendant Wisconsin Telephone Company, a Wisconsin corporation, have reimbursed the said Railroad Retirement Board in accordance with Section 12(o) of the Railroad Unemployment Insurance Act, as amended, and demand having been made, the said defendants have refused to pay.

"Wherefore, plaintiff demands judgment of the defendants in the sum of $650.00 plus interest and costs."

The defendant Norman C. Hall was injured on August 17, 1948, through the alleged negligence of the defendant Wisconsin Telephone Company. He applied to the Railroad Retirement Board, an agency of the United States Government, for benefits under the Railroad Unemployment Insurance Act, 45 U.S. C.A. §§ 351–367, based on that injury. Such benefits, totalling $650 were paid him during the period from August 17, 1948, through February 28, 1949. These payments were made under the following provisions of Section 12(o) of the Act, 45 U.S.C.A. § 362(o):

"Benefits payable to an employee with respect to days of sickness shall be payable regardless of the liability of any person to pay damages for such infirmity. The Board shall be entitled to reimbursement from any sum or damages paid or payable to such employee or other person through suit, compromise, settlement, judgment, or otherwise on account of any liability (other than a liability under a health, sickness, accident, or similar insurance policy) based upon such infirmity, to the extent that it will have paid or will pay benefits for days of sickness resulting from such infirmity. Upon notice to the person against whom such right or claim exists or is asserted, the Board shall have a lien upon such right or claim, any judgment obtained thereunder, and any sum or damages paid under such right or claim, to the extent of the amount to which the Board is entitled by way of reimbursement."

Notice of the Board's rights under this Section was sent the defendant Wisconsin Telephone Company on August 27, 1948.

On May 26, 1949, pursuant to defendant's request, the Board furnished it

with a statement of the amount of benefit payments it had paid to Norman C. Hall from the date of his injury, August 17, 1948, to February 28, 1949, and for which it claimed its statutory lien on any indebtedness defendant owed or may owe Norman C. Hall, arising out of his injury.

On or about June 26, 1949, after the judgment in favor of Hall for $5,000 and against the defendant had been entered in the Superior Court for Douglas County, Wisconsin, the defendant then thoughtfully notified the Board that judgment had been entered, but failed to apprise the Board that it paid the full amount of the judgment to Hall via the Clerk of the Superior Court for Douglas County, Wisconsin, almost immediately after its entry.

Defendant's indebtedness to Hall was at all times after notice to defendant on August 27, 1948, subject to plaintiff's statutory lien and defendant's attempt to invalidate the Federal Statute and plaintiff's lien by entry and payment of the judgment without notice to the Board until after the judgment was paid to Hall was futile and of no effect. It could not by this procedure avoid its liability to plaintiff on the said lien. It is now indebted to plaintiff for the amount claimed in plaintiff's complaint with interest.

Plaintiff may have judgment against defendant for said amount, with costs.

Plaintiff's counsel may submit proposed findings of fact, conclusions of law and judgment.

### Findings of Fact.

1. The Railroad Retirement Board, hereinafter referred to as the Board, is an independent agency in the Executive Branch of the Government of the United States.

2. The defendant Norman C. Hall resides at 1212 North 57th Avenue West, Duluth, Minnesota.

3. The defendant Wisconsin Telephone Company, hereinafter referred to as the Telephone Company, was on August 17, 1948, and at all times subsequent thereto has been, a corporation duly organized and existing under the laws of the State of Wisconsin and engaged in the business of furnishing telephone service.

4. The Board is charged with the administration of the Railroad Unemployment Insurance Act, 45 U.S.C.A. §§ 351–367, hereinafter referred to as the Act.

5. Norman C. Hall was injured on August 17, 1948, through the alleged negligence of the Telephone Company, and on the basis of that injury benefits under the Act, in the total amount of $650 were paid him by the Treasurer of the United States, upon certification by the Board, during the period from August 17, 1948, through February 28, 1949.

6. The said payments were made under the following provisions of Section 12(o) of the Act, 45 U.S.C.A. § 362(o):

"Benefits payable to an employee with respect to days of sickness shall be payable regardless of the liability of any person to pay damages for such infirmity. The Board shall be entitled to reimbursement from any sum or damages paid or payable to such employee or other person through suit, compromise, settlement, judgment, or otherwise on account of any liability (other than a liability under a health, sickness, accident, or similar insurance policy) based upon such infirmity, to the extent that it will have paid or will pay benefits for days of sickness resulting from such infirmity. Upon notice to the person against whom such right or claim exists or is asserted, the Board shall have a lien upon such right or claim, any judgment obtained thereunder, and any sum or damages paid under such right or claim, to the extent of the amount to which the Board is entitled by way of reimbursement."

7. Notice of the Board's rights under the said provisions of Section 12(o) was sent the Telephone Company on August 27, 1948.

8. At some time during May, 1949, the Telephone Company's attorneys agreed with Norman C. Hall's attorneys to pay Mr. Hall $5,000 in settlement of his claim against the Telephone Company.

9. In a letter dated May 24, 1949, the Telephone Company's attorneys advised Mr. Hall's attorneys that "it will be necessary that we pay the sum of $650 to the Railroad Retirement Board in order to extinguish the lien which is given to them under the Federal statutes."

10. On May 25, 1949, the Telephone Company's attorneys requested the Board's Minneapolis regional office to furnish them a letter stating the amount due the Board by way of reimbursement, and asked to be advised to whom the check should be made payable.

11. On May 26, 1949, the Telephone Company's attorneys were advised by the regional office that the amount due the Board was $650 and that payment should be made to the Treasurer of the United States.

12. Mr. Hall's attorneys subsequently advised the Telephone Company's attorneys that he "would not accept the settlement unless the Railroad Retirement Board's claim of $650.00 was paid in addition to the settlement already agreed on."

13. The Telephone Company's attorneys thereupon, without notice to the Board, applied to the Superior Court of Douglas County, Wisconsin, for approval of a $5,000 settlement between the Telephone Company and Norman C. Hall.

14. Pursuant to the said application, judgment for $5,000 was entered in Mr. Hall's favor on June 23, 1949, no provision being made for the protection of the Board's claim.

15. The amount of the judgment was thereupon paid by the Telephone Company to the Clerk of the Court, by whom it was disbursed to Mr. Hall.

16. Subsequently, on or about June 26, 1949, the Telephone Company's attorneys advised the Board's Minneapolis regional office of the entry and payment of the judgment.

17. The Board had no prior notice of the proceedings in the Superior Court, and has never been reimbursed for any of the benefits paid Norman C. Hall as aforesaid.

18. The Telephone Company has rejected all demands that it reimburse the United States of America in the amount of the Board's claim.

### Conclusions of Law.

Upon the foregoing findings of fact, which are made a part of the judgment herein, the Court concludes that:

1. The Court has jurisdiction of this proceeding under the provisions of 28 U.S.C., 1946 ed., Supp. V, § 1345.

2. The indebtedness of the defendant Wisconsin Telephone Company to Norman C. Hall was at all times after the notice to it on August 27, 1948, subject to the statutory lien of the Railroad Retirement Board under the provisions of Section 12(o) of the Railroad Unemployment Insurance Act, 45 U.S.C.A. § 362 (o).

3. The defendant Telephone Company's attempt to nullify the provisions of the Federal Act, and the Board's lien thereunder, by entry and payment of the judgment, without notice to the Board until after the amount of the judgment had been paid to Norman C. Hall, was futile and of no effect, and the Telephone Company could not by this procedure avoid its liability on the said lien.

4. The defendant Telephone Company is indebted to the plaintiff in the amount of $650 with interest from June 23, 1949.

5. The plaintiff is entitled to summary judgment against the defendant Wisconsin Telephone Company for $650 with interest from June 23, 1949, and costs, and the Telephone Company's motion for summary judgment must be denied.