**UNITED STATES of America,
Plaintiff,**

v.

**ATLANTIC COAST LINE RAILROAD COMPANY and Mary Lou Mintz,
Defendants.**

**Civ. No. 605.**

United States District Court
E. D. North Carolina,
Wilmington Division.

Nov. 14, 1955.

---

7. Nicholson v. Erie R. Co., 2 Cir., 255 F. 54.

8. Bouchard Transp. Co. v. Pennsylvania R. Co., 2 Cir., 6 F.2d 362, 363.

Julian T. Gaskill, U. S. Atty., Raleigh, N. C., for plaintiff.

Aaron Goldberg, Poisson, Campbell & Marshall, Wilmington, N. C., for defendants.

GILLIAM, District Judge.

This action is for reimbursement to the Railroad Retirement Board of sickness benefits paid to Mary Lou Mintz, a former employee of the defendant railroad.

In April, 1947, Miss Mintz was injured while at work, and under Section 2(a) of the Railroad Unemployment Insurance Act, 45 U.S.C.A. § 352(a), the Board paid her sickness benefits during the period of her disability, in the total amount of $1,105.00.

Section 12(o) of the Act, 45 U.S.C.A. § 362(o), provides that:

"Benefits payable to an employee with respect to days of sickness shall be payable regardless of the liability of any person to pay damages for such infirmity. The Board shall be entitled to reimbursement from any sum or damages paid or payable to such employee or other person through suit, compromise, settlement, judgment, or otherwise on account of any liability (other than a liability under a health, sickness, accident, or similar insurance policy) based upon such infirmity, to the extent that it will have paid or will pay benefits for days of sickness resulting from such infirmity. Upon notice to the person against whom such right or claim exists or is asserted, the Board shall have a lien upon such right or claim, any judgment obtained thereunder, and any sum or damages paid under such right or claim, to the extent of the amount to which the Board is entitled by way of reimbursement."

Accordingly, the Board wrote the Railroad on July 20, 1948, that Miss Mintz had applied for sickness benefits under the Act, and gave notice of the Board's right to reimbursement from any sum, other than workman's compensation, payable by the Railroad on account of liability for the injury. The letter stated that the Board would advise the Railroad, upon request, the amount paid Miss Mintz in sickness benefits, and instructed the Railroad to withhold the payment of such sum pursuant to Section 12 (o) of the Act. This letter was received by the Railroad.

In October, 1949, Miss Mintz brought suit against the Railroad to recover damages for her injury. A trial in October, 1950, resulted in a verdict for the plaintiff, but the Railroad appealed to the North Carolina Supreme Court. In response to an inquiry by the Board, the Railroad replied on April 16, 1951, that the matter was in suit, the case was then on appeal and no settlement had been made. The appeal resulted in a new trial of the case. Mintz v. Atlantic Coast Line R. Co., 233 N.C. 607, 65 S.E.2d 120. At the second trial another substantial verdict was obtained by the plaintiff, and this judgment was affirmed on a second appeal to the Supreme Court, by opinion filed August 22, 1952. 236 N.C. 109, 72 S.E.2d 38.

To satisfy the judgment against it, the Railroad, on October 1, 1952, paid to

the Clerk of Superior Court of Brunswick County the sum of $41,340. On October 3, 1952, the Railroad telegraphed the Board that the judgment in favor of Miss Mintz had been paid to the Clerk. A Board official immediately telephoned the Clerk's office and was informed by the Assistant Clerk, in the absence of the Clerk, that no notice of the Board's lien had been given the Court or the Clerk and that he could not promise to delay disbursement of the funds for a few days to afford the Board an opportunity to protect its interests.

Thereafter, on the same day, the funds were disbursed by the Assistant Clerk to Miss Mintz and her attorneys. Upon later inquiry by the Board, the Clerk and Assistant Clerk stated that if notice of the Board's lien had been filed in writing every consideration would have been given to it, but they did not see how a telephone request such as was made could be honored.

On October 6, 1952, the Board wrote Miss Mintz requesting reimbursement of benefits in the amount of $1,105, but no reply was received to this letter.

■ The liability of Miss Mintz to the Railroad Retirement Board is clear. The sickness benefits totaling $1,105 were properly paid to her, but when she collected the amount of her judgment against the Railroad she made a double recovery, contrary to the intent of the Act.

Miss Mintz contends that the lien provided by Section 12(*o*) affects only the third party against whom her claim is asserted and to whom notice must be given, but the section first states plainly that, "The Board shall be entitled to reimbursement from any sum or damages paid or payable to such employee." An employee who has been paid damages for his infirmity is under an obligation to reimburse or pay back to the Board the sickness benefits he has received for the same infirmity.

■ While notice to the third-party tort-feasor is required in order to establish, as against such third party, a lien on the employee's claim or judgment, the statute says nothing about notice to the employee, and such notice is logically unnecessary. Indeed, it is questionable whether notice to the third party has any bearing whatsoever on the Board's right to recover from the employee who has received double the intended benefits.

In United States v. Hall, D.C., 116 F. Supp. 47, relied on by Miss Mintz, the Railroad Retirement Board sued both Hall, the employee, and Wisconsin Telephone Company, the employer, for reimbursement. The case was dismissed against the employee, but no reason was assigned for the dismissal, and I am informed that failure to serve the employee within the State of Wisconsin under Fed. Rules Civ.Proc. Rule 4, 28 U.S.C.A. brought about this result. In any event, the case is not authority for the proposition that the Board's right of reimbursement does not extend to the employee who has been paid for his infirmity.

■ The question of the defendant Railroad's liability is more troublesome. It is not disputed that the Board's letter to the Railroad, dated July 20, 1948, was adequate notice under the statute, United States v. Luquire Funeral Chapel, 5 Cir., 199 F.2d 429, and that the Board thereby acquired a valid lien on the Mintz claim, the judgment and the damages paid thereunder. The basis of the Railroad's liability, as contended by plaintiff, is that it failed to protect the Board's lien. Plaintiff argues that the Railroad should have filed notice of the lien with the Clerk of Superior Court of Brunswick County, or that it should have notified the Board of entry of the final judgment, or the payment thereof, in sufficient time for the Board to have intervened to protect its interest.

The Railroad, on the other hand, contends that the statute imposes no duty on it to protect the Board's lien, and that even if such a duty is implied the Board was notified of the pendency of the Mintz action in ample time for it to have filed either a notice of its lien with the Clerk of Superior Court or an intervening petition in the cause to enforce its lien.

The language of Section 12(o) does no more than grant the Board, after proper notice, a lien on the employee's claim or judgment and any proceeds therefrom. No procedure for perfecting the lien, and no statement of the responsibilities of the alleged tort-feasor are set forth. The few cases interpreting the statute have apparently proceeded on the principle that the alleged tort-feasor, after notice, must withhold the amount due the Board, or at least take reasonable steps to protect the Board's lien and must not act to defeat or impair it.

In United States v. Luquire Funeral Chapel, supra, the defendant, after notice from the Board, settled the employee's claim by entry and payment of a consent judgment, without deducting the amount reimbursable to the Board. The Fifth Circuit Court of Appeals ordered judgment against the defendant for this sum. United States v. Hall, supra, involved a rather obvious attempt on the part of the tort-feasor, after due notice, to nullify the Board's lien by entry and payment of a consent judgment. The defendant was held liable for the amount of the lien.

In Lewis v. Railroad Retirement Board, 256 Ala. 430, 54 So.2d 777, certiorari denied 343 U.S. 919, 72 S.Ct. 677, 96 L.Ed. 1333, the employee's case was also settled and a consent judgment filed, but the Railroad withheld the amount due the Board and paid the balance only into court. The Alabama action was an interpleader suit by the employee against the Railroad and the Board to compel payment into court of the amount withheld and to establish the respective rights of the Board and the employee's attorneys in the fund. The Board was held entitled to the fund.

United States v. Jacobs, D.C., 100 F. Supp. 189, 191, involved the validity of a prior judgment in the Alabama court in an interpleader suit brought by the Clerk of Court into whose hands the proceeds of the employee's judgment had been paid. The District Court held that the Southern Railway had done nothing to defeat or impair the Board's lien, where it had informed the Board, before paying the judgment, of its intention to do so, and the Board had had an opportunity through the Clerk's interpleader action to establish its right to reimbursement.

The question of what duty is owed by the holder of a fund to a person claiming a lien on the fund, after notice of such lien or claim is given the holder, is not clearly answered by the authorities. Some courts in such situations hold that the holder paying out the fund without regard for the lienor's interest does so at his peril and may be required to pay the lienor the amount of his claim.

Where an automobile is destroyed or damaged by the negligence of a tort-feasor and the holder of a chattel mortgage on the vehicle notifies the tort-feasor or his liability insurance carrier of his lien, but the insurer settles with the mortgagor, the tort-feasor or his insurer may be required to pay the mortgagee the amount due him. Commercial Securities v. Mast, 145 Or. 394, 28 P.2d 635, 92 A.L.R. 194; Miller v. Hortman-Salmen Co., La.App., 145 So. 786; cf. Harris v. Seaboard Air Line Railway Co., 190 N.C. 480, 130 S.E. 319, 49 A.L.R. 1452.

Where a mortgage requires the mortgagor to insure for the benefit of the mortgagee, and the mortgagor insures but does not have a loss payable clause inserted in favor of the mortgagee, the mortgagee has an equitable lien on the proceeds of the insurance, and if the insurer after notice of the lien pays the mortgagor, it may be held liable to the mortgagee. Gibbes Machinery Co. v. Niagara F. Ins. Co., 119 S.C. 1, 111 S.E. 805, 21 A.L.R. 1460; Northwestern Fire & Marine Ins. Co. of Minneapolis, Minn., v. New York L. Ins. Co., 283 Ky. 229, 37 S.W.2d 67; Cromwell v. Brooklyn Fire Ins. Co., 44 N.Y. 42.

Probably the closest analogy to the instant case is the attorney's statutory lien on a recovery or judgment obtained by him for his client. After notice of the lien is given the defendant, he cannot settle directly with the client and defeat the attorney's lien but will be forced to pay

the amount thereof at the suit of the attorney. In re Hoy's Claim, D.C., 93 F. Supp. 265; Bennett v. Chicago & E. I. R. Co., 327 Ill.App. 76, 63 N.E.2d 527; Standidge v. Chicago Rys. Co., 254 Ill. 524, 98 N.E. 963, 40 L.R.A.,N.S., 529; Herman Const. Co. v. Wood, 35 Okl. 103, 128 P. 309.

Suppose, however, that the attorney obtains judgment for his client, the defendant pays the amount of the judgment to the Clerk of Court, and the money is disbursed without recognition of the attorney's lien, is the defendant liable again for the attorney's fee? The few courts which have passed on this question have been reluctant to hold the defendant responsible, at least where he notified the Clerk of the attorney's lien when the judgment was paid. Myers v. Miller, 134 Neb. 824, 279 N.W. 778, 117 A.L.R. 977; Annotation, 117 A.L.R. 983.

North Carolina General Statutes Section 1–239 authorizes a party against whom a money judgment is rendered to pay the whole or any part thereof to the Clerk of the Court, although no execution has issued on the judgment. Section 1–241 requires the Clerk to pay the money to the party entitled to receive it. The statutes contain no express provisions for a proceeding before the Clerk to determine what parties or persons are entitled to receive the money so paid to the Clerk.

Based on the cases cited above and interpreting the Railroad Unemployment Insurance Act to effectuate its intent, I hold that the Railroad or other tort-feasor to whom notice has been given as required by the Act owes a duty to protect, by reasonable means, the Board's lien on the claim, judgment or the proceeds therefrom. If the claim is settled, either out of court or by consent judgment, reasonable protection of the Board's lien certainly means withholding the amount due the Board or making other satisfactory arrangements to have the Board's lien paid in the course of settlement.

If the claim is contested and final judgment is rendered on the verdict against the Railroad or other tort-feasor, reasonable protection of the lien would seem to require notice thereof to the Clerk to whom the money is paid, at or before the time of payment, or in the alternative, notice to the Board, prior to payment of the judgment, in sufficient time for the Board to file a motion in the cause or otherwise intervene to protect its lien on the money in the hands of the Clerk.

It is true that the Board here knew of the pendency of the Mintz suit, but its last information was that the case was on appeal. So far as it knew, the result of the appeal might have been a complete dismissal of the action. Of course, the Board could have filed an intervening petition in the cause, asking for protection of its lien in the final judgment, but rather than require the Board to do this in every action filed by persons to whom it has paid benefits, the more reasonable solution puts the burden on the Railroad or other defendant in the law suit to advise the Board when final judgment in a contested case has been rendered and same action by the Board may then be necessary to protect its interest.

In this case the Railroad knew in August, 1952, after the second decision by the North Carolina Supreme Court, that final judgment against it was forthcoming and would have to be paid. Yet no notice was given the Board until October 3, 1952, two days after payment of the judgment to the Clerk.

Under the circumstances, I find that the Railroad Company failed to take reasonable steps to protect the Board's lien and is, therefore, liable in this action. As between the defendants, Miss Mintz is primarily liable and the Railroad only secondarily liable, and the Railroad is entitled to judgment over against Miss Mintz in the event it is required to pay the amount of the judgment or any part thereof.