SWEARINGEN v. THE HARTFORD FIRE INS. CO.

1. EQUITY—INSURANCE—EQUITABLE LIEN.—An action by mortgagee against mortgagor and insurance company to establish equitable lien on insurance money after loss, is a mere equity and triable by the Court.

2. JURISDICTION.—Court had jurisdiction of parties and subject matter in this case.

3. INSURANCE—PRESUMPTION—EQUITABLE LIEN—MORTGAGES.—Taking out insurance by mortgagor in his own name after an agreement by mortgagor to insure for benefit of mortgagee, will be presumed to have been done with intent to carry out such agreement.

4. CAUSE OF ACTION—EQUITABLE LIEN—INSURANCE.—An equitable lienee of the proceeds of an insurance policy cannot maintain an action against the insurance company for such fund, when the company has paid it to a legal assignee of the policy who had no notice of the equitable lien before taking the assignment.

Before WATTS, J., Edgefield, March, 1899.    Reversed.

Action by Laura M. Swearengen against The Hartford Fire Ins. Co. and Laura S. Hardy.    From judgment on verdict for plaintiff, defendants appeal.

*Mr. J. W. DeVore,* for appellants, cites: *Judge should have tried the case without a jury:* 12 S. C., 97; 31 S. E. R., 867; 52 S. C., 471.    *As to equitable lien:* 124 Mass., 61; 8 Rich., 338.    *Agreement to insure, if part of contract of sale of land, ought not to be proved by parol:* 42 Wis., 437; 31 N. W. R., 906; 1 Strob., 407; 24 S. C., 124.    *Notice to agent here was not notice to company:* 51 Pa. St., 402; 13 Gray, 79; 17 S. E. R., 828.

*Messrs. Croft & Tillman,* contra, cite: *Two first exceptions too general:* 20 S. C., 62, 583; 24 S. C., 280.    *Plaintiff had good cause of action:* 25 L. R. A., 305; 44 N. Y., 42; 112 Ind., 535.

December 11, 1899.    The opinion of the Court was delivered by

MR. JUSTICE JONES.    This is an action by a mortgagee against an insurer and the mortgagor to enforce an alleged equitable lien upon the proceeds of an insurance policy on the mortgaged premises taken out by the mortgagor in her own name.    This appeal is from the judgment entered on the verdict of the jury in favor of plaintiff, and is the second appeal in this case, 52 S. C., 309.

On the call of the case for trial, defendants' attorney moved for a trial of the issues by the Court without a jury as a cause in equity, but this was refused and the case was submitted to a jury.    This action of the Court is excepted to as error.    The right asserted by plaintiff was a mere equity, and the issues should have been tried by the Judge as Chancellor.    The issues of fact not having been tried by the proper tribunal, the verdict and judgment thereon must be set aside.

The next question we notice is whether there was error in overruling the demurrers to the complaint interposed by defendants on the grounds: (1) that the Court was without jurisdiction; and (2) that the complaint did not state facts sufficient to constitute a cause of action. There can be no doubt that the Court had jurisdiction both of the parties and of the subject matter, and this point need not be further noticed. As to the second ground, there are several specifications wherein it is alleged that the complaint failed; but we will consider the one principally relied on and common to the demurrers by both defendants, viz: that it is not alleged that the policy of insurance was taken out by the mortgagor with intent to perform the alleged agreement to insure for the benefit of the mortgagee. The complaint alleged an agreement to insure for the benefit of the mortgagee and the subsequent taking out of insurance by the mortgagor in her own name; and in the fifth paragraph of the complaint alleged in effect that after the loss by fire, plaintiff demanded the mortgagor to turn over and transfer to plaintiff said policy of insurance; but that defendant, contrary to the agreement that said policy should be for the benefit of plaintiff, refused to turn over, &c. If, therefore, it be necessary to allege in such a case as the present one, that the insurance was taken out in pursuance of, or with intent to carry out, the agreement to insure, such allegation is sufficiently involved in the allegations made, to avoid the demurrer, even though lacking in definiteness and certainty, for which there is other remedy. But further, the law will presume that insurance taken out by the mortgagor in her own name after an agreement to insure for the mortgagee's benefit, was taken out in pursuance of the agreement, on the ground that equity regards that as done which ought to have been done. While in Massachusetts, *Stearns* v. *Quincy Ins. Co.,* 124 Mass., 61, the principle was announced that no equitable lien would exist in favor of the mortgagee unless the insurance was obtained with intent to perform an agreement to insure, yet we think the better view

is that such an equitable lien exists when there is an agreement to insure for the mortgagee's benefit and subsequent insurance in the mortgagor's name, without necessity to establish as a fact that the insurance was taken with intent to perform the agreement.   The law will presume the actual intent to be in accord with the duty.   *Cromwell* v. *The Brooklyn Ins. Co.,* 44 N. Y., 48; *Ames* v. *Richardson,* 29 Minn., 333; *Nordyke & Marmon Company* v. *Grey,* 112 Ind., 539.   Appellant is mistaken in supposing that this Court in the former decision, 52 S. C., 318, held to the contrary of the principle now announced.   The Court held it error to reject testimony offered to show that Hardy first conceived the idea of insuring the property after the execution of the mortgage.   This testimony was relevant to show that there was no agreement to insure at the time of the execution of the mortgage.   There was no error in overruling the demurrer.

Other exceptions to the ruling and charge of the Judge, which raise the question just dismissed, need not be further noticed.

We proceed now to consider a matter which, under our view, must necessarily lead to a dismissal of the complaint. The defendants requested that the jury be instructed as follows: "That if the jury believe that the Bank of Edgefield and H. H. Kempson had this policy assigned to them for valuable consideration without notice of any claim of Mrs. Swearengen, then they would have the legal title to said policy, and the money due thereunder would have to be paid to them, their legal title and claim to same being superior to Mrs. Swearengen's equitable claim; and if the insurance company paid it to them, it is discharged from any liability to the plaintiff."   This request was refused, and the jury was instructed substantially that if there was an agreement to insure for Mrs. Swearengen's benefit made at the time the trade was consummated, and if the insurance company had notice of that fact before it paid out the money, and notwithstanding paid out the money to any

one, it did so at its peril, and plaintiff would be entitled to recover. The undisputed evidence was that the insurance policy was, after loss, transferred for value to the Bank of Edgefield and H. H. Kempson, and that the assignees had no notice of plaintiff's alleged equitable lien. The answer of the defendant company interposed the payment to said as-signees as a defense. We think the jury, if properly trying the issues, should have been instructed in accordance with the defendant's request, and if it had been so instructed, the verdict would have been for the defendant on the undisputed evidence. Assuming as facts, what the defendant strenuously disputed, that there was an agreement to insure for the mortgagee's benefit, and that the defendant company had notice of plaintiff's equity before payment to the Bank of Edgefield, still, payment by the defendant company to the legal holder of the claim, who had no notice of plaintiff's equity, would exonerate the insurance company from further liability, since it was legally liable to pay said assignee. If all the parties were before the Court and the fund in Court, equity would decree the fund to the holder of the legal title, the equities being equal. Since the insurer has already done what equity would direct, it is exonerated. This view is not inconsistent wth sec. 133 of the Code regulating assignment of choses in action and providing that the action of the assignee shall be without prejudice to any set-off or other defense existing at the time of or before notice of the assignment, nor is this view inconsistent with *Patterson* v. *Rabb,* 38 S. C., 138. The question here is not one appertaining to an action by an assignee of a chose in action, but is one to enforce an alleged equity against property in the hands of another holding the legal title, and without notice of the alleged equity. The equitable lien of a mortgagee on the proceeds of an insurance policy to the mortgagor, under an agreement to insure for the mortgagee's benefit, extends only to those having notice of such lien. Under this view and the undisputed evidence, the Court sees no reason why this case should be sent back for a new trial under instructions,

since the result must inevitably be a dismissal of the complaint.

The judgment of the Circuit Court is, therefore, reversed and the complaint dismissed.