12924

PLANTERS' BANK v. GLOBE & RUTGERS FIRE INSURANCE COMPANY

(153 S. E., 385)

454

*Messrs. Brantley & Zeigler, J. S. Salley* and *William C. Wolfe,* for appellants,

*Messrs. Lide & Felder* and *Huger, Wilbur, Miller & Mouzon;* for respondent,

May 16, 1930.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is a case certainly of most novel impression in at least three particulars: The plaintiff was not the owner of the property insured; it was not a party, directly or indirectly, connected with the insurance policy; the amount of the policy has been paid by the company to the parties in whose interest it was issued. The plaintiff claims the right to a judgment requiring the company to *pay again* the amount of the policy to it, as the holder of a mortgage given to it by a party *other than the insured,* upon property *which its mortgagor did not own,* for the reason that its mortgagor had agreed to insure the property covered by the mortgage, for its benefit; although the house insured was placed upon the mortgaged land after the date of the mortgage, under an agreement between the insured and the mortgagor that the house should be the property of the insured.

The evidence develops the following facts which are undisputed:

The Wagener Farms Company owned a tract of land containing about 500 acres.

On December 20, 1921, it mortgaged the land to the Prudential Insurance Company to secure a debt of $9,000.00; the mortgage was assigned by the Prudential Insurance Company to the Old Dominion Trust Company and by it to the State Planters' Bank & Trust Company.

Later, on January 5, 1922, the Wagener Farms Company gave a second mortgage upon the land, to J. H. Hydrick Realty Company, to secure a debt of $7,237.25; expressly declared to be junior to the mortgage of the Prudential In-

surance Company above referred to; the mortgage was assigned by the J. H. Hydrick Realty Company to Mary L. Hydrick and Wannamaker & Wannamaker in consideration of $8,406.07; later it was assigned by the assignees named to the plaintiff, the Planters' Bank. This mortgage contained an agreement between the parties (Wagener Farms Company and Hydrick Realty Company), that the mortgagor, Wagener Farms Company, should insure the house and buildings on the property and assign the policy to the Hydrick Realty Company, and that upon default the mortgagee might cause the insurance to be taken out in its name and be reimbursed for the premiums paid by it.

Later, on January 14, 1922, the Wagener Farms Company gave a third mortgage upon the land to W. A. Whitlock, to secure a debt of $6,476.64.

Some time in the early part of 1924, one Tillman Jackson entered upon a portion of the mortgaged land and constructed a combination store-house and dwelling and other buildings, under an oral agreement with the Wagener Farms Company for a lease and for the right to remove the buildings constructed by him at the termination of his lease.

On July 19, 1924, after Jackson had completed the construction of the buildings, the defendant Insurance Company issued a policy insuring Jackson from loss by fire, of the buildings referred to, in the sum of $2,500. The policy covered other property not involved in the present controversy. The loss under the policy was made payable to W. A. Whitlock, the owner of the third mortgage above referred to, Why this was so can be explained only upon the theory that Whitlock was procuring the insurance for his protection as a third mortgagee, and doubtless was paying the premiums. It does not appear that Jackson owed Whitlock anything, or that there was any reason why he should personally take any steps for Whitlock's protection. It does not distinctly appear that Whitlock's mortgage contained an agreement on the part of Wagener Farms Company to insure

for his benefit, but I assume that it did. Whether it did or not Whitlock had the right to procure the insurance.

On December 13, 1924, the oral agreement between the Wagener Farms Company and Jackson, in reference to the lease, was reduced to writing. In this agreement the following clause appears: "Whereas there are now certain improvements located on this property in the nature of one dwelling and store-house combined and one gin house and machinery and other small buildings, including one barn and stables, which were erected during the year 1924, by the party of the second part, under an agreement with the party of the first part which gave the right to the party of the second part to remove all buildings herein mentioned from the premises, as they were erected by him for his convenience and use under the agreement that they would be his. That agreement is hereby extended in line with this lease, and we therefore recognize the right of ownership of the party of the second part to these buildings and his right to remove the same as above stipulated."

On February 2, 1925, the insured property was destroyed by fire; on March 12th, Jackson furnished proof of loss as required; and on March 16th the company paid the amount of the loss by a draft drawn payable to Jackson and Whitlock jointly.

I do not deem it necessary to consider the objections raised by the company to the proof of loss or the grounds of forfeiture claimed, for the reason that the company in the most conclusive manner possible has waived them by paying the loss.

On February 16, 1927, the State Planters' Bank & Trust Company, the holder of the first mortgage, brought an action in the Court of Common Pleas for Orangeburg County to foreclose its mortgage and Wagener Farms Company, W. A. Whitlock, R. T. Jackson (Tillman Jackson), Wannamaker & Wannamaker, and the Planters' Bank along with others immaterial here, were made parties. The property

was sold by the Master on salesday in December, 1927, and after paying the prior mortgage there was a deficiency judgment in favor of the Planters' Bank, the plaintiff herein, against Wagener Farms Company for the sum of $6,913.14. No question of this insurance seems to have been brought into this action when all of the parties of interest in the property were before the Court.

Prior thereto (in December, 1926), the Planters' Bank (the plaintiff herein) the holder of the second mortgage, having learned of the collection by Whitlock of the insurance money, had made demand upon the company for the payment of the insurance money based upon the single fact that it owned the second mortgage upon the property and that it provided that the mortgagor Wagener Farms Company should take out insurance for the protection of the mortgagee, *which it had failed to do.*

I cannot perceive the slightest foundation of the plaintiff's claim to the proceeds of the insurance which have been paid by the company in compliance with the terms of the policy.

It cannot be sustained upon the agreement of the Wagener Farms Company, contained in the mortgage, that it would insure the buildings for the benefit of the mortgagee. In the first place that agreement evidently referred to the buildings that were then upon the property; not to buildings thereafter constructed by a lessee of the mortgagor. While these buildings, placed after and with notice of the recorded mortgage, and in the absence of such an agreement as is referred to, may have become subject to the lien of the mortgage (1 Jones Mortg. [6th Ed.] § 681), I do not think that the mortgagor, if they had been constructed by him, would have been under obligation to insure them; much less where they were constructed by a lessee who by agreement owned them and had the right of removal.

I do not think that there is any doubt as to the correctness of the proposition that when the mortgage provides that the mortgagor shall keep the premises insured for the bene-

fit of the mortgagee, and in fullfillment of this covenant
he takes out a policy of insurance in his own name, which
is not assigned to the mortgagee or made payable to him in
any way, the mortgagee is regarded as having an equitable
lien upon the proceeds of the policy. 1 Jones Mtg. (6th Ed.)
§ 400.

Being an equitable lien, my impression is that the mort-
gagee would be obliged to enforce it upon the fund before
it may have been paid over to the beneficiary of the insur-
ance.

In reference even to such a situation Mr. Jones says,
in the same action: "But these cases which support the claim
of the mortgagee to insurance obtained by the mortgagor
in his own name are regarded as resting upon special facts
which justify the inference that the insurance in question
was obtained by the mortgagor with the intent to per-
form his agreement to insure for the benefit of the mort-
gagee, or that the agreement had reference to the insur-
ance already obtained. Accordingly, where there was no
ground for such inference, and the insurance company paid·
the amount of loss to the mortgagor, the Supreme
Court of Massachusetts held that the mortgagee had no
equitable lien upon the policy, and could not recover in the
name of the mortgagor"—citing *Stearns v. Ins. Co.,* 124
Mass., 61, 26 Am. Rep., 647; *Farmers' Loan & Trust Co.
v. Penn Plate-Glass Co.* (C. C. A.), 103 F., 132, 56 L. R.
A., 710.

It is manifest, therefore, that the right could not be en-
forced where the policy was taken out by some one not con-
nected with the obligation of the mortgagor to take out in-
surance for the benefit of the mortgagee.

In the present ·case the Wagener Farms Company, mort-
gagor, did not comply or attempt to comply with its agree-
ment (so far at least as the Jackson buildings were con-
cerned), and the plaintiff which had the right upon its de-
fault to take out insurance, did not exercise its option. The

policy was issued to Jackson, not to the Wagener Company, and it was made payable in the event of loss to Whitlock, a provision which he certainly had the right to have made. There is, so far as I can see, not the slightest ligament that connects the plaintiff with the policy.

In *Farmer's Loan & Trust Co. v. Penn Plate-Glass Co.* (C. C. A.), 103 F., 132, 56 L. R. A., 710, it was held, quoting syllabus: "The rule that, where a mortgagor has covenanted to insure the mortgaged property for the benefit of the mortgagee, a Court of Equity may impress an equitable lien in favor of the mortgagee upon a fund arising from insurance taken by the mortgagor in his own name, is based upon the existence of an express contract by which the owner agreed to give a lien upon that particular fund, and upon the maxim that equity regards as done that which ought to be done; but, as equity cannot create the lien independently of contract, such rule cannot be applied to the proceeds of insurance taken for his own benefit by a grantee of the equity of redemption in the property subject to the mortgage, between whom and the mortgagee there is no contract with respect to such fund."

I do not think that the claim can be sustained upon the theory that one for whose benefit a contract has been made may sue upon it though not a party to the contract, for the reason that there is absolutely nothing to show that the contract of insurance was taken out for the benefit of the plaintiff or of any other than the third mortgagee, Whitlock.

In the opinion of Mr. Justice Carter occurs this statement: "The assured, Tillman Jackson, was a lessee of the owner and mortgagor, Wagener Farms Company, and in accepting the lease to the land on which the building in question was located *took the same with notice and subject to the said covenant in the mortgage in question; and when the* policy of insurance was issued, the interest of the plaintiff attached thereto." (Italics added.)

According to this declaration, if Jackson had not taken out *any* insurance, he would have been bound by the covenant of Wagener Farms Company and liable for a breach of it; a position that would hardly be advanced. A lessee of part of a tract of land would certainly run a great risk in assuming the obligations of his lessor in a previous mortgage.

The case of *Swearingen v. Ins. Co.*, 52 S. C., 309, 29 S. E., 722, cited in the opinion of Mr. Justice Carter, distinctly bases the right of a mortgagee to an equitable lien upon the proceeds of insurance, upon an agreement by the mortgagor to take out insurance for his benefit which, as a matter of course, would not be answered by the issuance of a policy to a stranger to the mortgage who had made no such promise. See the cases cited in the opinion of that case.

In the second appeal of the *Swearingen case,* 56 S. C., 355, 34 S. E., 449, 450, the Court said: "The equitable lien of a mortgage on the proceeds of an insurance policy to the mortgagor, under an agreement to insure for the mortgagee's benefit, extends only to those having notice of such lien."

As the mortgagor, Wagener Farms Company, did not comply or attempt to comply with its agreement to take out a policy of insurance upon the Jackson buildings for the benefit of the mortgagee, it is impossible that a lien was ever created by any agreement between them.

In the opinion of Mr. Justice Carter occurs this further statement: "When Tillman Jackson, as lessee, procured insurance on the building in question there should have been inserted in the policy a clause to the effect that in case of loss by fire payment should be made to the holder of the mortgage plaintiff claims under, as its interest might appear, or to all of the mortgagees as their interest might appear, according to priority. But instead of doing this, he mentioned only W. A. Whitlock, who was a junior mortgagee. We find nothing in the record tending to show why Whitlock should

be preferred, and according to our view it would be inequitable, under the facts of the case, to allow Whitlock, a junior mortgagee, to take the insurance money to the exclusion of a prior mortgagee."

This statement presumes an obligation on the part of Tillman Jackson, lessee, and of Whitlock, junior mortgagee, to take care of the interests of the mortgagees which were prior in rank to that of Whitlock. I do not see any possible ground for imposing this obligation upon either one of them. Both of the prior mortgagees, the State Planters' Bank & Trust Company and the Planters' Bank, were amply protected by agreements on the part of Wagener Farms Company to take out insurance for their respective benefits, and upon its default to take out insurance themselves and charge the Wagener Farms Company with the premiums paid. Each of them neglected to enforce the agreement on the part of Wagener Farms Company and to exercise the option which the agreement gave it. Whitlock, who was the third mortgagee, took care of his own interest as he had the right to do without regard to the neglected interests of the two banks.

It occurs to me that if there should be any liability in the case at all, which I do not at all concede, it would be that of Whitlock to the plaintiff and not of the insurance company to the plaintiff, the insurance company having fully discharged its contract obligations evidenced by the policy of insurance which Jackson had the unquestioned right to procure and the equally unquestionable right to make the loss payable to Whitlock.

There is another matter that I think is worthy of consideration: It is questionable in my mind whether the Jackson buildings ever became subject to the plaintiff's mortgage. They were placed upon the land after the plaintiff's mortgage had been executed, and placed there under an agreement with the Wagener Farms Company that Jackson should be considered the owner of them and at the termination of

the lease be entitled to remove them. The plaintiff's mortgage was not at all injuriously affected by this agreement, the effect of which was to constitute the buildings *chattels real,* not subject to the mortgage and removable by Jackson at the termination of the lease. He therefore, without regard to the covenants of the plaintiff's mortgagor in reference to insuring the buildings then on the land, had the right to have them insured and make the loss payable to whomsoever he pleased.

Upon the subject of chattels real, see 7 Cyc., 123; 1 Thomp. Real P., Sec. 58; 2 Thomp. R. P., Sec. 1270.

In *Newhoff v. Mayo,* 48 N. J. Eq,. 619, 23 A., 265, 266, 27 Am. St. Rep., 455, the Court said: "When a building has been erected by one on the lands of another, upon an agreement, express or implied, that it may be removed at the pleasure of the builder or on the demand of the land-owner, the building is, no doubt, to be classed in that division of property which we call purely personal. *Pope v. Skinkle,* 45 N. J. Law,, 39. But in this case the building was attached to land in which its owners had an interest, classified, not as a mere chattel, but as a chattel real."

In *Dame v. Dame,* 38 N. H., 429, 75 Am.. Dec., 195, it was held, quoting syllabus: "Where a building is erected by one upon another's land with the consent of the latter, under an agreement that it could be removed whenever the builder should choose, a recovery of the land in a real action by the owner or his assignee does not impair the right of the owner of the building to remove it."

In *Winner v. Williams,* 82 Miss., 669, 35 So., 308, it was held, quoting syllabus: "A boiler on demised premises which, with the premises, was subject to a trust deed, became worn out, and on the landlord's refusal to replace it the tenant purchased a boiler under an express agreement with the landlord that the tenant could move it at pleasure. The tenant attached the boiler to the other machinery used, and disconnected the old boiler, but left it on the premises. Defend-

ants foreclosed a trust deed to the property described, which description did not include the new boiler. Plaintiff purchased the boiler from the tenant. Held, that plaintiff took title to the boiler, which was a trade or tenant's fixture, excepted from the general rule as to fixtures."

In *Paine v. McDowell,* 71 Vt. 28, 41 A., 1042, it was held, quoting syllabus: "Where a mortgagor in possession of the secured land let a portion of it for the erection thereon of a sawmill, under an agreement that the mill was not to become a fixture, but might be removed, and where the erections could be removed so as to leave the land as good security as though the erection had never been made, the lessee had the right to remove the erections, as against the mortgagee—especially where the mortgagee knew of the letting about the time the mill was being built, and made no objection thereto."

In *German Savings & Loan Society v. Weber,* 16 Wash., 95, 47 P., 224, 38 L. R. A., 267, it was held that where certain improvements were made upon the inside of a building under an agreement with the vendor that, while ordinarily they might be considered fixtures, they would remain the property of the seller with the right of removal until paid for, such fixtures were not subject to the lien of the prior mortgage upon the property. A controlling factor in the decision of that case was that the prior mortgagee could not be considered a purchaser for value and was not injured in his security by the addition of the improvements.

In *Binkley v. Forkner,* 117 Ind., 176, 19 N. E., 753, 3 L. R. A., 33, it was held that "where one purchasing machinery gives a chattel mortgage for its price, and orally agrees that it shall be treated as personalty until paid for, and the realty to which it is afterwards attached by him will not be injured by its removal, the machinery will be considered as personal property, as against a prior mortgagee of the realty."

In *Campbell v. Roddy,* 44 N. J. Eq., 244, 14 A., 279, 6 Am. St. Rep., 889, it was held that "a prior mortgagee cannot occupy the attitude of an innocent purchaser. The interests and rights of the holder of a chattel mortgage upon property which is annexed to real estate upon which there is an existing mortgage, must be determined by the practical application of equitable principles to the rights of the respective parties. Whether the chattel mortgage shall be postponed notwithstanding the agreement between the owner of the land and the mortgagee, must depend upon the inquiry whether or not the preservation of the rights of the holder of the chattel mortgage will impair or diminish the security of the real estate mortgage as it was when he took it. If it will not, then it will be inequitable that the latter should defeat or destroy the security of the former."

In *Tifft v. Horton,* 53 N. Y., 377, 13 Am. Rep., 537, it was held: "Where chattels are annexed to real estate with the intent that they shall not thereby become part of the freehold, as a general rule the intent will control; to preserve their character as personalty a concurrent intent, on the part of a prior mortgagee of the real estate, is not necessary; and neither a prior nor subsequent mortgagee of the lands can claim, as subject to the lien of his mortgage, chattels brought upon and affixed to the lands under an agreement between the owner of the fee and the owner of the chattels, that the character of the latter as personal property is not to be changed and that they are subject to a right of the owner to remove them."

There is a sharp conflict of authorities upon this subject, as appears from 1 Jones, Mtg. (6th Ed.), Sec. 436-b. Judge Freeman, in 84 Am. St. Rep., 888, states that the weight of authority is in favor of the right of the mortgagor and vendor or improving tenant to preserve the character of the additions as personal property.

This appears to be the conclusion of this Court in *Saye v. Hill,* 100 S. C., 21, 84 S. E., 307, 308, where the Court said:

"Houses are frequently built and expensive machinery installed therein with every appearance of permanency; yet it is done under a license from the owner of the soil or under a lease thereof, and under agreement for and with the intention of removal at the expiration of the license or lease. In such cases they are not fixtures"—citing *Hughes v. Shingle Co.*, 51 S. C., 1, 28 S. E., 2; *Hurst v. Craig Co.*, 95 S. C., 221, 78 S. E., 960; *Rawls v. American Central Insurance Co.*, 97 S. C., 189, 81 S. E., 505.

For those reasons I think that his Honor, Judge Grimball, was entirely right in directing a verdict for the defendant, and that the judgment appealed from should be affirmed. A majority of the Court concurring, this opinion becomes the judgment of the Court.

MR. JUSTICE BLEASE concurs.

MR. JUSTICE STABLER concurs in result.

MR. CHIEF JUSTICE WATTS, and MR. JUSTICE CARTER dissent.

MR. JUSTICE CARTER (dissenting) : This action by the plaintiff, Planters' Bank, a corporation organized under the laws of South Carolina, against the defendant, the Globe & Rutgers Fire Insurance Company, was commenced in the Court of Common Pleas for Orangeburg County, May 30, 1928, for the purpose of recovering against the defendant the sum of $2,500.00 on account of insurance on certain buildings alleged to have been destroyed by fire February 2, 1925. Issues being joined, the case was tried before his Honor, Judge William H. Grimball, and a jury, at the March, 1929, term of said Court. At the conclusion of the testimony, on motion of the defendant, his Honor, Judge Grimball, directed a verdict for the defendant, and from the entry of judgment on the directed verdict the plaintiff has appealed to this Court and asks a reversal of the judgment upon the grounds set forth in the exceptions, which will be reported.

The allegations of the complaint pertinent to the questions involved in the appeal are, in substance, as follows:

That the defendant, by its agent, Wagener Real Estate & Guaranty Company, on July 19, 1924, issued its policy of insurance, No. 3261461, to one Tillman Jackson, whereby the defendant insured a certain one-story frame building, which was occupied and used as a mercantile building and dwelling by the said Tillman Jackson, and also a stock of merchandise and furniture and fixtures contained in the said building, the amount of insurance on the building being $2,500.00—on the stock of merchandise $2,000.00 and on the furniture and fixtures $500.00; the life of said policy being from July 19, 1924, to February 21, 1925, and the said building, together with the other property mentioned, was completely destroyed by fire February 2, 1925; that the plaintiff, at the time the policy was issued, and at the time the property was destroyed as aforesaid, held a mortgage covering the land on which the building in question was located, and, by reason thereof, held a mortgage over the building; that this mortgage was executed by the Wagener Farms Company, the owner of the land at that time, to J. H. Hydrick Realty Company, and duly assigned unto the plaintiff, and the mortgage was duly recorded, also the assignment, which recordation was prior to the date of the destruction of the property by fire as aforesaid; that the aforesaid mortgage contained an insurance clause whereby the mortgagor, Wagener Farms Company, obligated itself and its successors and assigns to insure the buildings on the land covered by said mortgage, and to assign the policy of insurance to the mortgagee, J. H. Hydrick Realty Company, its *successors and assigns;* and that the plaintiff, as the *assignee* of the mortgagee at the time of the said fire, was entitled to the insurance on the said building; that the defendant had due notice that the insurance on the building rightfully belonged to the plaintiff, but notwithstanding such notice the defend-

and did not pay the same to the plaintiff, and has refused a payment to the plaintiff after demand made therefor.

While the defendant in its answer admits issuing the policy in question and admitted the destruction by fire of the property covered by the policy, it denied the other material allegations of the complaint, and alleged that the policy contained a mortgage clause providing that the loss, if any, under the policy to the building therein insured, should be payable to W. A. Whitlock as mortgagee, and denied that the policy was absolute and unconditional; but on the contrary alleged that the contract of insurance embodied in the policy contained covenants and warranties upon which the contract was conditioned, namely: "This entire policy shall be void if the insured has concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof; or in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss * * * this entire policy shall be void, unless otherwise provided by agreement in writing attached hereto. If the interest of the insured be other than unconditional and sole ownership, or if the subject of insurance be a building on ground not owned by the insured in fee simple."

The defendant further alleged, as an affirmative defense, that the policy was issued and accepted upon the following additional conditions: "The insured shall, within sixty days after the fire, unless such time is extended in writing by this company, render to this company a proof of loss, signed and sworn to by the insured, stating the knowledge and belief of the insured as to the time and origin of the fire; the interest of the insured and of all others in the property; the cash value of each item thereof and the amount of loss or damage thereto; all incumbrances thereon."

It is also alleged by the defendant as an affirmative defense, that the assured, Tillman Jackson, on the 12th of March, 1925, furnished to the defendant proof of loss duly

sworn to by him, in which it was stated: "At and from the time said policy was issued, to and at the time said fire occurred, the assured's title to all the buildings described as insured hereunder and the ground upon which said buildings were situated, was that of sole and unconditional owner in fee simple, and there was, and is now, no lien, mortgage or other encumbrance of any nature upon said insured property, and no other person than the assured has any interest therein, except the mortgage to Dr. W. A. Whitlock."

Defendant also alleged that at the time the policy in question was issued and at all times subsequent thereto, until December 14, 1926, the defendant had no notice or knowledge of any mortgage or other incumbrance upon the property insured, except the mortgage to W. A. Whitlock, and on sworn proof of the loss furnished by the assured, the said Tillman Jackson, it paid the full amount of the policy to the assured and to the said W. A. Whitlock, mortgagee, March 16, 1925, and, further, if at said times there was any other mortgage upon the said property than that to W. A. Whitlock, that under the provisions of the policy the policy became void by reason of the false statement contained in the said proof of loss; that at the time the said policy was issued, July 19, 1924, the assured, Tillman Jackson, was not the sole and unconditional owner of the insured property or of the land upon which the building was situated and had no interest whatever therein; that on December 13, 1924, Wagener Farms Co. leased the said land on which the insured building was erected to the said Tillman Jackson, but at no time has the assured, Tillman Jackson, had any interest in the said building and land other than as lessee; that the defendant did not know that the assured had no interest in the insured property, or of the land upon which said building was situated and was not the sole and unconditional owner thereof until after the commencement of this action, and had no knowledge of the matters and things alleged until after this suit was commenced, and the defendant further alleges that

under the provisions of the said policy the same is void by reason of the false statements contained in the proof of loss furnished by the assured, the said Tillman Jackson. As an additional affirmative defense the defendant alleged that by the said policy it agreed, in the event of loss by fire of the insured property, to pay the amount of the said insurance to the said Tillman Jackson; and, under the New York Standard Mortgage clause attached to the policy, agreed to pay the proceeds of the insurance on the building in question to W. A. Whitlock, as mortgagee, to the extent of his interest therein; and further alleged that it had no contract of insurance with any other person with respect to the insured property, other than the said Tillman Jackson and the said W. A. Whitlock, and that the defendant is, therefore, under no obligation to make payment to any other person. As a further affirmative defense the defendant alleged that the said policy of insurance was issued July 19, 1924; that the destruction of said property by fire occurred February 2, 1925; that the said Tillman Jackson furnished to defendant a sworn proof of loss March 12, 1925, and at the date of issuing said policy and at all times thereafter until a letter was received from the plaintiff December 14, 1926, the defendant had no notice or knowledge of the existence of any mortgage or other incumbrance on the insured property except the mortgage to W. A. Whitlock. As a further affirmative defense the defendant alleged that the mortgage under which the plaintiff alleges it is entitled to the proceeds of said policy of insurance, was not executed by the assured, Tillman Jackson, and that there was no contract on his part to keep the property insured for the benefit of the plaintiff. As another affirmative defense to the allegations of the complaint, the defendant alleged that it paid the proceeds in question to Tillman Jackson, the assured, and to W. A. Whitlock, the mortgagee named in the policy, March 16, 1925, without the knowledge on the part of the defendant that there were any liens upon the property in question other

than the mortgage to the said W. A. Whitlock; that since this action was commenced the defendant has learned that at the time the policy was written, and at the time the loss occurred and at the time payment was made as aforesaid, there was a mortgage on the land referred to prior to the mortgage held by the plaintiff, namely, a mortgage executed by the Wagener Farms Company to the Prudential Insurance Company, dated December 30, 1921, duly recorded for the sum of $9,000.00, later by assignment held by State Planters' Bank & Trust Company, which mortgage contained a clause requiring the mortgagor to insure the mortgaged premises for the benefit of the mortgagee against loss by fire, and, in effect, defendant alleged that if Tillman Jackson and W. A. Whitlock were not entitled to receive the proceeds in question, then in that event the holder of the first mortgage was entitled to receive the same, and in no event was the plaintiff entitled to payment. As another and further affirmative defense to the complaint, the defendant alleged that on December 13, 1924, the Wagener Farms Company, owner of the land on which the building in question was situated, entered into a lease, dated that date, December 13, 1924, with the said Tillman Jackson with reference to the said land and building, which lease contained the following provisions:

"Whereas, there are now certain improvements located on this property in the nature of one dwelling and store-house combined, and one gin-house and machinery and other small buildings, including one barn and stables, which were erected during the year 1924 by the party of the second part, under an agreement with the party of the first part, which gave the right to the party of the second part to remove all buildings herein mentioned from the premises, as they were erected by him for his convenience and use under the agreement that they would be his. That agreement is hereby extended in line with this lease and we, therefore, recognize the right

of ownership of the party of the second part to these buildings and his right to remove the same as above stipulated."

In this connection the defendant alleges that by the terms of said agreement the said building was the property of the said Tillman Jackson, and the same was not subject to lien of the mortgage held by the plaintiff.

The defendant's motion for a directed verdict was based upon the following grounds:

"(1) That this insurance policy was paid to Tillman Jackson and W. A. Whitlock as provided in the policy form itself in compliance with the contract of insurance between the parties interested.

"(2) That at the time of the payment of this insurance policy the defendant had no notice of any claim or right of the plaintiff to the proceeds of this insurance and, of course, additionally, we deny the right of the Planters' Bank to have any claim on the insurance in any way. Then, again, upon the record of the testimony at the time of the filing of the loss and payment of the insurance by the company, in no event the Planters' Bank had no right or claim to the proceeds of this insurance, in view of the fact that there was a prior mortgage outstanding, and that if either of the mortgagees were entitled to the insurance, the first mortgage had the first consideration or the right.

"(Further) That under the provisions of the contract itself, Tillman Jackson and W. A. Whitlock were entitled to be paid the proceeds of this insurance and that was binding on the company, and that the company has settled in accordance with the binding provisions of the policy itself.

"(Further) That the contract in issue, or the contract of insurance had the standard mortgage clause, which is equivalent to a special contract to Whitlock as well as to Jackson, and the insurance was paid in pursuance to the contract.

"(Further) That the record does not show any covenant or agreement on the part of Tillman Jackson to take out this

insurance, or that it was carried for the benefit of the plaintiff in this case."

In granting defendant's motion for a directed verdict the trial Judge did not state the grounds upon which his Honor based his ruling. Therefore, in considering the questions raised by the exceptions we shall take into consideration the several grounds upon which the motion was based.

The established facts of the case which have a bearing on the questions presented by the appeal may be summed up as follows:

The building in question was located on a tract of land in Orangeburg County, consisting of about 490 acres and owned by a corporation known as the Wagener Farms Company. December 30, 1921, this company mortgaged the tract of land to the Prudential Insurance Company, which mortgage by assignment was later owned by State Planters' Bank & Trust Co. of Richmond, Va., and was satisfied by the application of the proceeds of the sale of the mortgaged land before the suit at bar was commenced, but not until after the execution of the mortgage held by the plaintiff and assigned to plaintiff, and not until after the said policy of insurance was issued. This mortgage which was executed to the Prudential Insurance Company contained a clause requiring the mortgagor to insure the mortgaged premises for the benefit of the said mortgagee against loss by fire. June 5, 1922, the Wagener Farms Company gave a mortgage on this tract of land to the J. H. Hydrick Realty Company, which mortgage contained the following insurance clause: "And it is agreed, by and between the said parties, that the said mortgagors, their heirs, executors or administrators, shall and will forthwith insure the house and buildings on said lot and keep the same insured from the loss or damage by fire, and assign the policy of insurance to the said J. H. Hydrick Realty Company, its successors, executors, administrators or assigns, and in case he or they shall at any time neglect or fail to do so, then the said mortgagee, its successors, adminis-

trators, or assigns, may cause the same to be insured in their own name, and reimburse themselves for the premiums and expense of such insurance under the mortgage."

This mortgage to the J. H. Hydrick Realty Company was a second mortgage, which was on March 21, 1924, duly assigned to the plaintiff, and this assignment was duly recorded the same day the assignment was made. July 19, 1924, the policy in question was issued, insuring the building against loss by fire for the sum of $2,500.00 and the goods and other property contained in said building for the sum of $2,500.00 in favor of the said Tillman Jackson, with a mortgage clause contained in the policy to the effect that the loss, if any, under the policy to the building therein insured should be payable to W. A. Whitlock, as mortgagee, as his interest might appear. This policy was issued about four months after the plaintiff became the owner of the said second mortgage and four months after the said assignment to the plaintiff was duly recorded. On the 13th of December, 1924, the Wagener Farms Company, the owner of the said tract of land on which the said building was located, entered into a lease, dated December 13, 1924, with the said Tillman Jackson, regarding the said tract of land and the building thereon, to which reference was made in giving a summary of the defendant's answer. This lease was dated several months after the plaintiff became the owner of the said second mortgage and several months after the said assignment was recorded. This lease by Wagener Farms Company to Tillman Jackson, which bears date December 13, 1924, was not recorded until February 17, 1925, and the fire that destroyed the property occurred February 2, 1925. The proof of loss is dated March 12, 1925, and payment by the defendant to Tillman Jackson and W. A. Whitlock was made March 16, 1925. The Wagener Farms Company also executed a mortgage over the said tract of land to W. A. Whitlock, which bears date January 14, 1922, and recorded January 26, 1922. The plaintiff made demand

on the defendant for payment of the amount of insurance on the house December 13, 1926, and payment being refused suit was later commenced.

We are not concerned with the insurance on the stock of goods, furniture, and fixtures, but are concerned only with the insurance on the building, involving the sum of $2,500; and under our view of the case the leading questions involved in the appeal, raised by the exceptions, may be stated thus:

1. Did the plaintiff under the law and facts of the case have any interest or right in the insurance in question?

2. If under the law and facts of the case, the plaintiff had an interest in the insurance involved, did the defendant have notice or knowledge of such interest or right before making payment to Tillman Jackson and W. A. Whitlock?

It is the contention of the respondent that since the plaintiff is not named in the policy it had no interest in the insurance money in question, and that the respondent having paid over the money to Tillman Jackson, the assured, and W. A. Whitlock, mortgagee, the only parties named in the policy to receive the money, the respondent is discharged of its obligation. The mortgage under which the plaintiff claims, which was executed and assigned to the plaintiff prior to the date of the policy of insurance was issued, contains a clause under which the mortgagor (the Wagener Farms Company, owner of the land) contracted to insure the buildings on the mortgaged lands against loss by fire and to keep the same insured and to assign the policy of insurance to the mortgagee, its successors or assigns, and to the said covenants in effect, bound itself, its grantees and lessees. The assured, Tillman Jackson, was a lessee of the owner and mortgagor, Wagener Farms Company and in accepting the lease to the land on which the building in question was located, took the same with notice and subject to the said covenant in the mortgage in question; and when the policy of insurance was issued, the interest of the plaintiff attached thereto.

While the plaintiff had no contractual rights with the defendant under the provisions of the policy, it had a benefit in such insurance and an equitable lien upon the insurance money when the loss occurred by reason of being the owner of the mortgage containing the covenant referred to. In support of this position we call attention to the following cases and authorities therein cited: *Swearingen v. Insurance Co.,* 52 S. C., 315, 29 S. E., 722; *Swearingen v. Insurance Co.,* 56 S. C., 358, 34 S. E., 449; *Wheeler v. Insurance Co.,* 101 U. S., 442, 25 L. Ed., 1055; *Mack Manufacturing Co., v. Mass. Bonding Co.,* 103 S. C., 55, 87 S. E., 439.

When Tillman Jackson, as lessee, procured insurance on the building in question there should have been inserted in the policy a clause to the effect that in case of loss by fire payment should be made to the holder of the mortgage plaintiff claims under, as its interest might appear or to all of the mortgagees as their interest might appear, according to priority. But instead of doing this he mentioned only W. A. Whitlock, who was a junior mortgagee. We find nothing in the record tending to show why Whitlock should be preferred, and according to our view it would be inequitable, under the facts of the case, to allow Whitlock, a junior mortgagee, to take the insurance money to the exclusion of a prior mortgagee.

We do not agree with the contention of the respondent that it was bound under the insurance contract to pay the insurance to W. A. Whitlock. Under the law no contract existed between the insurance company and W. A. Whitlock. He had a benefit in the insurance after the loss by fire of the house in question, but such right was subordinate to the rights under the prior mortgage in question. *Walker v. Insurance Co.,* 136 S. C., 162, 134 S. E., 263, 52 A. L. R., 259, and cases cited above. The standard mortgage clause contained in the policy and upon which respondent relies as authority for making payment to W. A. Whitlock, does

not, in our opinion, under the law of force give such right and authority.

As to the contention of respondent that there was a mortgage prior to the mortgage under which the plaintiff claims, containing a provision requiring the mortgagor to insure the property for the benefit of the mortgagee, to the same effect as the provision in the mortgage under which the plaintiff claims, we consider it sufficient to call attention to the fact that that mortgage was satisfied by the application of the proceeds derived from the sale of the mortgaged premises before this suit was commenced, so that that mortgage passes out of the case. If the first mortgage to which we refer had not been foreclosed and the same had been of force, then, in that event, the insurance money would have been applied on that mortgage which would have reduced the amount owing on that mortgage, and the plaintiff would· have had something coming to it from the sale of the mortgaged premises. But after the mortgage referred to as the first mortgage was paid it could not be brought into the case, and the plaintiff's mortgage became a first mortgage and entitled a first consideration in the application of the insurance money in question.

As to the contention that the assured, Tillman Jackson, constructed the building in question and that therefore he had the right to insure it in his name and make the policy payable to any one he desired, we call attention to the fact that whatever interest he acquired in the property he acquired the same with notice of and subject to the rights of the plaintiff's mortgage which was of record, and Tillman Jackson had constructive notice of the same. Certainly the Court could not hold, as a matter of law, that under the proof the assured, Tillman Jackson, was the owner of the building in question and that he had the right to do with it as he saw fit. Such question was one for the jury under all of the circumstances of the case. The position of the respondent that the assured, Tillman Jackson, had the right to

handle the building as he saw fit, is inconsistent with respondent's position that it was discharged from all liability under the policy by reason of the alleged false representations on the part of the assured, Tillman Jackson. A wrongful act on his part, if such was the case, should not defeat the rights of the plaintiff. Furthermore, as to the right of the respondent to claim a discharge of all obligations under the policy by reason of the alleged material misrepresentations on the part of the assured, Tillman Jackson, under all of the facts and circumstances of the case, a question of waiver was presented, which was a question for the jury.

It is the further contention of the respondent that it had no notice of the provision in the mortgage held by the plaintiff to which we have referred, which gave the plaintiff as the assignee of the mortgage a benefit in the policy and an equitable lien upon the insurance in question. It is true that if the defendant paid the insurance money in question to Tillman Jackson and W. A. Whitlock without notice or knowledge of the rights of the plaintiff although defendant would be discharged from further liability. The appellant contends that the defendant had notice by reason of the recordation of the mortgage it held, containing the provisions we have discussed, giving to the plaintiff a benefit under the policy and an equitable lien in the insurance money in question. Under the recognized law of this State it is not incumbent on an insurance company to examine the records for the purpose of ascertaining the ownership of land on which a building is located that it insures against loss by fire, or for the purpose of determining the rights of the assured or other parties in such building. Therefore the recordation of the mortgage under which the plaintiff claims was not constructive notice to the defendant of the plaintiff's rights thereunder. See the case of *Jeffords v. Tokio Marine & Fire Insurance Co.*, 123 S. C., 471, 117 S. E., 79, and authorities therein cited. But under our view of the case there was testimony which tended to show that the de-

fendant had actual notice of the plaintiff's rights which we have discussed herein; that is, that its authorized agents had such notice. The mortgage in question and under which the plaintiff claims was executed by Wagener Farms Company; also, the lease to the assured, Tillman Jackson, was executed by the Wagener Farms Company. The insurance policy was signed by Wagener Real Estate and Guaranty Company, as agent of the defendant. At the time, the testimony tends to show, the secretary and treasurer of the Wagener Farms Company and the secretary and treasurer of the Wagener Real Estate & Guaranty Company was one and the same person, and knew that the plaintiff had an interest in the insurance money in question. This knowledge was imputed to the defendant. If the defendant had notice or knowledge of the rights of the plaintiff and notwithstanding such notice or knowledge made payment to Tillman Jackson and W. A. Whitlock, ignoring the rights of the plaintiff, it would not be discharged of its obligation and would be liable to the plaintiff. *Planters' Bank v. Lummus Gin Co.,* 132 S. C., 16, 128 S. E., 876, 41 A. L. R., 592; *Equitable Trust Co. v. Columbia National Bank,* 145 S. C., 91, 142 S. E., 818; *Gibbes Machinery Co. v. Insurance Co.,* 119 S. C., 1, 111 S. E., 805, 21 A. L. R., 1460. We think the case should have been submitted to the jury on the question of notice.

The respondent cites the case of *Ayers v. Business Men's Insurance Co.,* 148 S. C., 355, 146 S. E., 147, and *Huestess v. South Atlantic Life Insurance Co.,* 88 S. C., 31, 70 S. E., 403, in support of the position that the insurance company is not bound by the agent's knowledge when the insured, or person acting for the insured, participated in the fraud. The answer to respondent's position is that under the testimony in the case at bar the Court cannot hold that there was conclusive fraud on the part of the defendant's agent and the assured, and this question should have been submitted to the jury for determination.

While we have not in this opinion discussed every question suggested by respondent's counsel, we have carefully considered the same, and after due consideration it is our opinion that the case should have been submitted to the jury and that his Honor, the trial Judge, erred in granting defendant's motion for direction of a verdict.

The appeal should therefore be sustained, and it is the judgment of this Court that the judgment of the Circuit Court be, and is, hereby reversed, and the case remanded for a new trial.

MR. CHIEF JUSTICE WATTS concurs.