**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

National Security Fire & Casualty Company, Plaintiff,

v.

Rosemary Jenrette, AKA Rosemary Long Jenrette, and Horry County State Bank, Defendants,

Of whom

Rosemary Jenrette, AKA Rosemary Long Jenrette, is the Appellant,

and

Horry County State Bank is the Respondent.

Appellate Case No. 2014-001285

Appeal From Horry County
George C. James, Jr., Circuit Court Judge

Unpublished Opinion No. 2016-UP-067
Heard January 14, 2016 – Filed February 17, 2016

**AFFIRMED**

William W. DesChamps, Jr. and William W.

DesChamps, III, both of DesChamps Law Firm, of Myrtle Beach, for Appellant.

Randall K. Mullins and Jarrod E. Ownbey, both of Mullins Law Firm, PA, of North Myrtle Beach, for Respondent.

--------------------

**PER CURIAM:**  In this interpleader action, Rosemary Jenrette appeals the trial court's order awarding insurance proceeds to Horry County State Bank (the Bank). Jenrette argues the trial court erred in finding (1) the existence of an equitable lien in favor of the Bank on the insurance proceeds; (2) she was bound by a covenant in the mortgage to insure the subject property; and (3) the assignment provision in the subject mortgage survived the cancellation of the mortgage.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:  *Fibkins v. Fibkins*, 303 S.C. 112, 115, 399 S.E.2d 158, 160 (Ct. App. 1990) ("An action to establish an equitable lien is an action in equity."); *Townes Assocs., Ltd. v. City of Greenville*, 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976) (holding in an appeal of an action in equity, tried by the judge alone, the appellate court has jurisdiction to find facts in accordance with its views of the preponderance of the evidence); *Blackwell v. State Farm Mut. Auto. Ins. Co.*, 237 S.C. 649, 653, 118 S.E.2d 701, 704 (1961) ("It is well settled that if the mortgagor is bound by covenant in the mortgage or otherwise to insure the mortgaged premises for the better security of the mortgagee, the latter will have an equitable lien upon the money due on a policy taken out by the mortgagor to the extent of the mortgagee's interest in the property damaged or destroyed."); *Jones v. Equicredit Corp. of S.C.*, 347 S.C. 535, 543-44, 556 S.E.2d 713, 717-18 (Ct. App. 2001) (stating when a foreclosure sale does not satisfy the mortgage debt, the mortgagee is entitled to collect insurance proceeds if the unpaid amount of the mortgage is in excess of the insurance proceeds).

**AFFIRMED.**

**FEW, C.J., and KONDUROS and LOCKEMY, JJ., concur.**